JOHN F. BURKE, Respondent, *v.* WILLIAM H. BURKE,
Appellant.

Equity — action to enjoin action at law cannot be maintained
unless full justice cannot be done in latter action — when action
to restrain action at law, alleging fraud, cannot be maintained
on ground of former settlements.

1. Equity will not entertain an action to restrain an action at
law unless special reasons demonstrate that full justice cannot be
done in the latter action, and that an action in equity is necessary
to secure to a party a more complete enjoyment of the rights to
which he is entitled than could be obtained in the action at law.
If the equitable action holds out no promise of relief which may
not be secured in the other and more restricted proceeding there is
no occasion for interference and it will be withheld.

2. The complaint alleged that the parties were former copartners
and that a settlement in full of their transactions and interests as
such had been made and the property of the copartnership trans-
ferred to a corporation, the stock of which was substantially all
owned by them; that thereafter the defendant, notwithstanding
said accounting and settlement, made various claims against plain-
tiff in respect to their copartnership matters, threatened suit and in
connection therewith made certain false and scandalous accusations
against plaintiff, who, for the purpose of avoiding scandal, publicity
and notoriety, entered into a second agreement settling in full all of
their matters and interests as members of said copartnership and as
stockholders and owners of said corporation; that thereafter defend-
ant in this action brought an action at law against this plaintiff to
recover damages alleged to have been suffered by him by reason of
the fraud of this plaintiff in the business of the copartnership and of
the corporation, and alleged that he had been induced by fraud and
misrepresentation to unite in the conveyance transferring the prop-
erty of the copartnership to the corporation and to enter into the
second settlement and agreement. Plaintiff brings this action, claim-
ing that the two settlements were fair and honest, that the defend
ant herein had agreed to refrain from making any further claims,
and that one of the objects in making these settlements was to
avoid an exploitation of the scandalous charges now being pressed
against him in the action at law, and asks that that action be enjoined
on the ground that he cannot secure the full benefit of the settle-
ment unless that relief is granted. *Held*, that this action may not

be maintained because the defendant in his action at law is attacking and repudiating the release or settlement made at the time the copartnership property was transferred to the corporation. That settlement was an ordinary transaction whereby two parties settled their property rights and claims. It was not made for the purpose of quieting charges of fraud and dishonesty, for it does not appear that any had then been made. The plaintiff can secure in the action at law all that he is entitled to by setting up and defending under such settlement. Nor can the action be maintained because the defendant is attacking the second settlement and thereby subjecting the plaintiff to the exploitation of the scandalous charges which he sought by that settlement to avoid. It is not possible in this action to try the issue whether this settlement and release were honest and valid and covered the claims now being made against this plaintiff without going into the allegations of dishonesty and fraud set up in the action at law, and if that cannot be done no such benefit is to be derived from this action as will justify its prosecution. (*Bomeisler* v. *Forster*, 154 N. Y. 229, distinguished.)

*Burke* v. *Burke*, 158 App. Div. 953, reversed.

(Argued June 2, 1914; decided July 14, 1914.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 16, 1913, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint and also affirmed an order of Special Term continuing an injunction which restrains the defendant from prosecuting a pending action of law against plaintiff until this action is determined.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*James O. Moore* and *Preston Albro* for appellant. The question of whether William H. Burke has released John F. Burke from all partnership liabilities should be pleaded as a defense to the action at law instituted by William H. Burke against John F. Burke and tried

out and determined in that action and this action
cannot, therefore, be maintained. (*Erie R. R. Co.* v.
*Ramsey,* 45 N. Y. 537; 4 Pom. Eq. Juris. §§ 1368, 1370–
1372; *Savage* v. *Allen,* 54 N. Y. 463; *Wolfe* v. *Burke,*
56 N. Y. 119; *Pond* v. *Harwood,* 139 N. Y. 118; *Alli-
son* v. *Eagle Ins. Co.,* 144 App. Div. 76; *Coykendall* v.
*Hood,* 36 App. Div. 558; *Kienle* v. *Gretsch Realty Co.,*
133 App. Div. 394.)

*Charles Diebold, Jr.,* for respondent. The complaint
states a good cause of action. (*Ellsworth* v. *Agricultu-
ral Society,* 99 App. Div. 119; *Wendt* v. *City of New
York,* 171 N. Y. 607; Code Civ. Pro. § 519; *Nat. Contract-
ing Co.* v. *Hudson River Water Power Co.,* 170 N. Y.
439; *Hirsch* v. *N. E. Navigation Co.,* 200 N. Y. 263.)
It was not necessary that a controversy exist between the
partners when their accounting and settlement took place,
January 1, 1911; the settlement was just as effective and
the agreement just as binding upon the defendant. (*Hur-
ley* v. *Eleventh Ward Bank,* 76 N. Y. 618; *Wahl* v. *Bar-
num,* 116 N. Y. 87; *Steenheimer* v. *Killip,* 75 N. Y. 282.)

HISCOCK, J. The parties are brothers. As appears by
the allegations of the complaint, originally they were
engaged as copartners in carrying on the business of
dealing in real estate. Thereafter a settlement in full of
their transactions and interests as copartners was made
and the property of the copartnership was transferred to
a corporation organized for the purpose of continuing
such business and the stock of which was substantially all
owned by them. Later the defendant, notwithstanding
said accounting and settlement, made various claims
against the plaintiff in respect of their copartnership
matters and threatened to bring a suit against him to
enforce said demands; " in connection with said demand
and for the purpose of blackmailing and coercing the
plaintiff into complying therewith and paying him a

large sum of money   *   *   *   defendant made certain false and scandalous accusations against the plaintiff which were thereafter repeated and are set forth in the complaint of the defendant [in an action which will be hereafter referred to]; that for the purpose of avoiding the scandal, publicity and notoriety incident to said false, fraudulent and scandalous charges of the defendant and to purchase his peace from said blackmail this plaintiff on or about the 20th day of January, 1912, entered into" an agreement settling in full all of their matters and interests as members of said copartnership and as stockholders and owners of said corporation.   Still later defendant in this action brought an action at law against this plaintiff in substance and quite voluminously alleging that the latter had been guilty of various frauds in the business of the copartnership and of the corporation above mentioned to the damage of his brother; that the latter was induced by fraud to unite in the conveyance transferring the property of the copartnership to the corporation and that he was likewise induced by fraud and misrepresentation to enter into the agreement last made and above referred to; that by reason of being thus fraudulently misled he had been induced to enter into said settlement and agree to various propositions which he otherwise would not have thus assented to and he asked a large sum on account of the damages suffered by him by reason of such fraud.

The plaintiff then brought this action, and claiming that the two settlements above set forth in the complaint were fair and honest and that the defendant herein had agreed to refrain from making any further claims, he asks that the action at law be enjoined.   His contention has been that one of the objects in making these settlements was to avoid an exploitation of the scandalous charges now being pressed against him in the action at law and that he cannot secure the full benefit of these settlements unless this relief is granted.   The question is whether in

his complaint he has alleged any sufficient ground on which may be rested this contention and this action, or whether on the facts stated he should be left to try out the issues which have arisen between him and his brother in the prior action at law brought by the latter.

In considering this question some features incident to and springing from the two settlements alleged to have been made between the parties are to be noted. The parties in their respective claims as set forth in the complaint in this action and in the action at law differ somewhat as to what occurred at the time the partnership was transformed into a corporation. This plaintiff claims that a general accounting and settlement was made; the plaintiff in the other action alleges that he was induced by fraud to enter into a conveyance transferring the property of the partnership to the corporation. But whichever way the fact may be, it does not appear that at the time this adjustment took place any charges of fraud had been made by one party against the other, and, therefore, whatever instrument was executed must have been of the usual character assumed by instruments and releases settling ordinary business affairs, and it could not have been executed for the purpose of quieting scandalous charges.

At the time of the execution of the second instrument, which in form was a general release and satisfaction of the claims of one party against the other, the defendant in this action had made accusations of fraud and dishonesty against his brother, and it is sufficiently alleged in this action that one of the purposes of this settlement was to avoid the scandal, notoriety and discomfort incident to the publicity of such charges whether true or false.

The general rule of course is that equity will not entertain such an action as this to restrain an action at law unless special reasons demonstrate that full justice cannot be done in the latter action, and that an action in equity is necessary to secure to a party a more complete

enjoyment of the rights to which he is entitled than could be obtained in the action at law. If the equitable action holds out no promise of relief which may not be secured in the other and more restricted proceeding there is no occasion for interference and it will be withheld.

It is plain that this action may not be maintained because the defendant in his action at law is attacking and repudiating the release or settlement made at the time the copartnership property was transferred to the corporation. As has been stated, that settlement was an ordinary transaction whereby two parties settled their property rights and claims. It was not made for the purpose of quieting charges of fraud and dishonesty, for it does not appear that any had then been made. The plaintiff can secure in the action at law all that he is entitled to by setting up and defending under such settlement. If it was fair and honest, it will be a bar to any attempt in the latter action to secure a readjustment of preceding transactions. If it was not fair and honest, its effect can be avoided by proper proof in this action as well as in the one at law.

But for the purpose of upholding the action and bringing it within an authority to be hereafter referred to, plaintiff urges that the second settlement is subject to other and different considerations. As already stated, it is claimed that one of the very purposes of that transaction was to secure peace and immunity from the scandal of charges like those set up in the action at law and that he cannot secure the full benefit of his settlement if the present defendant is allowed to exploit those charges in his action at law even though he, the plaintiff in this action, shall finally establish his release as a defense against any ultimate recovery.

If it were possible in this action to try the issue whether this settlement and release were honest and valid and covered the claims now being made against this plaintiff without going into the allegations of dishonesty and fraud

set up in the action at law, there might be force in this contention. But, in my opinion, this cannot be done, and if it cannot be done no such benefit is to be derived from this action as will justify its prosecution.

In answer to the allegations in this complaint that this settlement was honest, just and binding, the defendant can allege, and prove, if he can, the exact opposite — that he was induced by fraud to make an unjust settlement which, therefore, is not binding. To this end he would be entitled to produce evidence tending to establish that his brother had secured improper advantages and profits, and then by suppression or misrepresentation of facts had induced him to make an adjustment of their affairs on a dishonest and unfair basis. That is precisely what is being claimed in the action of law and demand is made for damages caused by such fraud whereby the plaintiff in that action was induced to settle on less advantageous terms than he was entitled to. In large measure, at least, the same charges set forth in the action at law can and undoubtedly will be utilized for the purpose of avoiding the release set up in this action.

I do not overlook the allegation in the present complaint that this settlement included and satisfied the same charges of dishonest and fraudulent conduct now set forth in the action at law wherefrom the inference would be drawn that it could not be invalidated by anything covered by those charges. The complaint in this action, however, makes a part of itself the complaint in the action at law, and it clearly enough appears from the latter that there are charges of fraud and dishonesty which were not covered by, but which are claimed to affect the validity of, this settlement. As this latter complaint is read it seems to be perfectly clear that it will not be possible to try in this action the validity of the release without going into some or all of the very issues framed in the action at law which the present plaintiff would avoid and which the court might well help him to avoid if it

could be separately ascertained that he had once made a fair settlement thereof. As long as this cannot be done, the prospect of any gain from this action fades away, and the plaintiff must rely on the establishment in the action of his adversary of his honesty and fair dealing, if such they be, as a bar not only against money damages but also against the repetition of unfounded charges.

It is in this respect, the impossibility of trying in the equity action the validity of the release and settlement without going more or less into the accusations and charges set up in the action at law, that this action differs from that of *Bomeisler* v. *Forster* (154 N. Y. 229) on which plaintiff relies. In that case a woman made a claim against a man springing out of alleged unlawful relations, the birth of children and services as a housekeeper. The man made two settlements with her, and then, notwithstanding these, she brought an action against him, and he brought an action in equity to restrain hers. In the latter action it was emphasized that the settlements had been made with the express purpose of avoiding the scandal and disrepute which would flow from the woman's claims whether well founded or not. The trial court found all the facts in favor of the plaintiff in the equity suit, and enjoined the prosecution of the action at law. The judgment was reversed by the General Term but was affirmed in this court. The opinion of Judge GRAY predicated on the pretense of the woman as set forth in her pleadings that she had been induced by duress and fraud to make the settlement, expressly recognizes the possibility of trying the issue whether a valid release had been executed without going into the merits of the complaint set forth in the action at law as a reason for allowing the maintenance of the equity action.

That case probably proceeded as far as any one ever decided by this court in upholding an appeal to equity for the purpose of staying a proceeding at law. It clearly

stated the principle that the right to maintain an action of such a character must be largely determined by its peculiar facts, and in the respect indicated I think there is such a difference between the benefits to be derived from that action and from this one that the decision allowing the maintenance of the former fails to become an authority for the bringing of the latter.

These views lead us to answer in the negative the question certified to us as to the sufficiency of the complaint; to a reversal, with costs, of the order enjoining the prosecution of the action at law, and to a denial, with ten dollars costs, of the motion for such injunction; also the order and judgment overruling defendant's demurrer should be reversed and defendant should have judgment dismissing plaintiff's complaint, with costs in all the courts.

Willard Bartlett, Ch. J., Werner, Chase, Hogan, Miller and Cardozo, JJ., concur.

Ordered accordingly.