Jo INDIAN HUNTING AND FISHING CLUB, INC., a
Domestic Corporation, and ARTHUR C. KYLE, Plain-
tiffs, *v.* HARRY A. FURMAN, FRANK COOPER and
RAQUETTE RIVER POWER COMPANY, Defendants.

(Supreme Court, St. Lawrence Special Term, May, 1918.)

Actions — injunctions — eminent  domain — constitutional  law — stat-
utes — pleading — corporations — Laws of 1903, chap. 560.

> Where, in an action to enjoin defendants from exercising or
> attempting to exercise the power of eminent domain under
> chapter 560 of the° Laws of 1903, the statute pursuant to which
> defendant company was organized, the allegations of the com-
> plaint charging the unconstitutionality of said statute are
> subordinate to and part of the one cause of action for an
> injunction, and the facts disclose that plaintiffs have an ade-
> quate remedy at law, the court will not retain the action to
> determine the subordinate question, and a demurrer to the
> complaint on the ground that it does not state facts sufficient
> to constitute a cause of action will be sustained.

DEMURRER to complaint.

H. D. Messenger, for plaintiffs.

Ainsworth, Carlisle & Sullivan, for defendants.

VAN KIRK, J.   This is a demurrer to the complaint
on the ground that it does not state facts sufficient to
constitute a cause of action.   The action is in equity
to perpetually enjoin defendants from exercising, or
attempting to exercise, the power of eminent domain
attempted to be created by the legslative act under
which the defendant company is organized, chapter
560 of the Laws of 1903.   The complaint sets forth this
act in full, and many grounds upon which it is claimed
the incorporation is illegal and the act is unconstitu-
tional.   In the act it is provided: " Said corporation

Supreme Court, May, 1918.          [Vol. 103.

may acquire by condemnation in the manner provided by the condemnation law, all lands, riparian rights, rights of way and other easements necessary for carrying into effect the powers granted by this act, and may for any purpose, by any of its officers, agents or servants, enter upon and survey any lands.'' It is not alleged that the defendants or either of them have' trespassed upon or injured any of plaintiffs' property, or done any unlawful act with regard to the plaintiffs or plaintiffs' property; but it is alleged in paragraph 12 of the complaint that the defendants Harry A. Furman and Frank Cooper are officers of the defendant corporation and represent it with full authority; in paragraph 13, that these defendants have asserted to plaintiffs their power to acquire plaintiffs' real estate by condemnation and have attempted to intimidate the plaintiffs and compel them to sell their lands, by numerous and repeated threats that, in case the plaintiffs would not agree to the terms of sale proposed, they would at once institute proceedings for the condemnation of their land, under the power of eminent domain provided for in said act. No other threats are alleged in the complaint. The allegations in paragraphs 17 and 18, that said act is a menace and is an invasion of the property and property rights of landholders in St. Lawrence county and is a taking of the property of others without due process of law, and that the invasion in law of plaintiffs' property and property rights by reason of the mere existence of the power of eminent domain vested in the defendants is prejudicial to and destructive of plaintiffs' right of property, rendering their tenure insecure and unsafe, add nothing to the cause of action attempted to be stated. The one threat alleged is a threat to appeal to the courts to enforce rights which the defendants claim to possess under an act of the state legislature.

This is not a threat to do irreparable wrong. A party, before any wrong is done and where no wrong is threatened except one to be perpetrated through a decree of the court, may not maintain an action in equity in order that the plaintiffs may in peace of mind develop the property they own. Some further threat must be alleged to state a cause of action by these plaintiffs. The general rule is that equity will not entertain an action to restrain the bringing of an action at law, unless special reasons demonstrate that full justice cannot be done in the law action, and that an action in equity is necessary to secure to a party a more complete enjoyment of the right to which he is entitled than could be obtained in an action at law. *Burke* v. *Burke,* 212 N. Y. 307. No special reasons are alleged in this complaint showing that full justice cannot be done in the proceeding brought to condemn the plaintiffs' lands. Apparently the only relief to be had in equity, which could not be had in a subsequent law action, is an earlier quieting of plaintiffs' apprehensions. If this were a ground for equity interference with trials of actions at law, every defendant and every person threatened with suit in an action at law could be the plaintiff in an equity action to restrain the bringing of the law action and to try the same question. Apprehension is a common attribute of persons threatened with prosecution. In *People* v. *Canal Board,* 55 N. Y. 395, the court said: " To entitle a plaintiff to prohibition by injunction from a court of equity, either provisional or perpetual, he must not only show a clear legal and equitable right to the relief demanded, or to some part of it, and to which the injunction is essential, but also that some act is being done by the defendant, or is threatened and imminent, which will be destructive of such right, or cause material injury to him. A state of things from which

33

the plaintiff apprehends injurious consequences to himself, but which neither actually exists nor is threatened by the defendants, nor is inevitable, is not a sufficient ground for an injunction.'' This is not a case in which redress at law can only be had after a wrong has been suffered. The wrong threatened here must be done in the first instance by the court itself. The act complained of does not put a cloud upon the plaintiffs' title, nor does it claim that the plaintiffs desire to sell their land, and that the said act diminishes its value. *Sanders* v. *Village of Yonkers,* 63 N. Y. 489; *Oakley* v. *Williamsburgh,* 6 Paige, 262. There is no allegation that these defendants or either of them intend to enter the plaintiffs' land before the right so to do has been decreed by the court, or that they threatened to do anything to the injury of the plaintiffs except as the Supreme Court may declare their right so to do in proceedings instituted for condemnation of real property. I have examined all of the authorities cited by the plaintiffs and have not found any which upholds the right to maintain an equity action under facts as alleged in this complaint.

Although the complaint has alleged that the plaintiffs have not an adequate remedy at law, it seems to me that the facts alleged disclose that they have such adequate remedy. An action to condemn must be brought by the defendant corporation against these plaintiffs. In such action these plaintiffs may fully test the legal right of the defendant corporation, including the constitutionality of the act. They may test every question which may be tested in this action.

If the act is in fact constitutional, the defendants have the right to attempt to purchase and to declare that, if plaintiffs refuse to sell, defendants will institute proceedings to condemn plaintiffs' land. If the act is unconstitutional, the threat to begin condemna-

tion proceedings is groundless and the plaintiffs have an adequate and complete remedy in defending those proceedings.

There is but one cause of action stated in the complaint. Although some allegations, particularly those in subdivisions 17 and 18, are appropriate to an action to have the said act declared unconstitutional, the allegations of the complaint charging the unconstitutionality of the act are subordinate to, and a part of, the one cause of action for an injunction. A cause of action for an injunction not being stated, the court will not retain the action to determine the subordinate question. To retain the action for such purpose, when no real interest of the plaintiffs is directly involved, is to entertain a moot question. The legal status of the corporation and its rights, when private rights are not directly involved, should be determined in an action brought by the People of the State. *City of New York* v. *Bryan,* 196 N. Y. 167, 168.

For the reasons above given, I think the demurrer should be sustained, with costs, with leave to the plaintiffs on payment of costs to serve an amended complaint within twenty days.

Demurrer sustained, with costs.