It is provided by section 5 of the Judiciary Law (Cons. Laws, ch. 30) that " A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury.  *  *  *."

The statement made to the jury in answer to their request and the refusal of the court to charge the jury as requested by the defendant's counsel were incidental to the deliberation by the jury and the lawful receipt of their verdict. Any action taken by the trial court contrary to the provisions of the Judiciary Law as quoted was with the approval and acquiescence of the defendant and such a waiver on his part as to prevent his taking advantage of such action at this time. (*Roberts* v. *Bower*, 5 Hun, 558.)

The judgment of conviction should be affirmed.

HISCOCK, Ch. J., CARDOZO and ANDREWS, JJ., concur with COLLIN, J.; POUND and CRANE, JJ., concur with CHASE, J.

Judgment of conviction reversed, etc.

---

ALBERT A. MOERS, Appellant, *v.* CARRIE C. MOERS, Respondent.

Contract — specific performance — accord — when action for specific performance of an executory contract settling an action and other controversies between the parties may not be denied on ground that such contract was an accord only.

1. A new executory contract between a claimant and the person charged, by which they reciprocally agree to do or not to do an act or acts not obligatory by contract or law, which will affect a legal

right of either, and which, expressly or through implication, includes the settlement of the original claim, is not a mere accord, but is the substitute for the original claim or contract, which is merged in it, and is, in and of itself, binding upon the parties.

2. A contract in writing and under seal executed by plaintiff and defendant recited the existence of various differences and controversies between the parties; the pendency of an action by the defendant here against the plaintiff, who is defending it, to recover a large sum of money, and the desire of the parties to compromise and settle " all matters in dispute between them of every kind and nature whatsoever, including the matters and things embraced in said action above referred to," and stipulated that the plaintiff should pay the defendant on a certain date a stipulated sum and also a designated sum on the first day of each month thereafter during defendant's life. Defendant agreed, upon receipt of said sum, to do certain specified things and return to plaintiff specified papers, letters and documents and in consideration of such payments and promises by plaintiff defendant also agreed to refrain from certain acts. It was further agreed that general releases should be mutually executed and delivered by the parties. In accordance with such contract and in pursuance thereof plaintiff tendered to defendant the sum specified therein and a general release executed by himself, but defendant refuses performance of the contract. Plaintiff brings this action for a judgment directing the defendant to specifically perform the contract and for an injunction against the prosecution of her action against plaintiff. *Held,* that the contract in question is not a mere accord or an accord executory; it is a new and superior contract superseding and extinguishing the contract or contracts upon which the original action between the parties was based, and the action itself, and relates to matters and differences and controversies other than, as well as, those involved in the original action, and these new and reciprocal covenants and obligations constitute considerations legally sufficient to make the contract complete and of binding effect.

*Moers* v. *Moers,* 187 App. Div. 653; 191 App. Div. 888, reversed.

(Argued June 2, 1920; decided July 7, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 19, 1920, affirming a final judgment in favor of defendant dismissing the complaint, and bringing up for review a prior order of said Appellate Division which reversed an order of Special Term over-

ruling a demurrer to the complaint and sustained such demurrer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Abraham Benedict* and *Adam K. Stricker* for appellant. The contract in suit is not an accord executory but a completed accord and satisfaction, because the defendant plainly intended to accept the plaintiff's covenant to pay, *first,* $12,500 in cash, and *second,* $3,000 per annum during the defendant's life, as satisfaction of her disputed claim at law. In other words, the defendant accepted the plaintiff's covenant and not his performance as a satisfaction. (*Kromer* v. *Heim,* 75 N. Y. 574; *Reilly* v. *Barrett,* 220 N. Y. 170; *Jodrell* v. *Jodrell,* 9 Beav. 45; *Morehouse* v. *S. Nat. Bank,* 98 N. Y. 503; *Davis* v. *Spencer,* 24 N. Y. 386; *Nassoiy* v. *Tomlinson,* 148 N. Y. 326; *Bandman* v. *Finn,* 185 N. Y. 508; *Billings* v. *Vanderbeck,* 23 Barb. 546; *Spier* v. *Hyde,* 78 App. Div. 151; *Schweider* v. *Lang,* 29 Minn. 254; *United, etc., Rubber Co.* v. *Conrad,* 80 N. J. L. 286.) The plaintiff is entitled to specific performance of the contract and to an injunction against the prosecution of the action at law. (*Deen* v. *Milne,* 113 N. Y. 303; *Bandman* v. *Finn,* 185 N. Y. 508; *Burton* v. *Landon,* 66 Vt. 361; *Boston & Maine R. R.* v. *Union Mut. Fire Ins. Co.,* 83 Vt. 554; *Cook* v. *Richardson,* 178 Mass. 125; *Fred* v. *Fred,* 50 Atl. Rep. 776, 779; *Chicora Fert. Co.* v. *Duncan,* 91 Md. 144; *Very* v. *Levy,* 13 How. [U. S.] 345; *Chandler* v. *Pomeroy,* 143 U. S. 318; *Matter of Freeman,* 117 Fed. Rep. 680.) Plaintiff is entitled to specific performance of the entire contract. It is not open to doubt that all the things which the defendant covenanted to do are things of which a court of equity will decree specifi performance. (*Raftery* v. *W. F. Corp.,* 180 App. Div. 475 ; *Evans* v. *Van Hall,* Clarke's Ch. 17; *Cushman* v. *Thayer Mfg. Jewelry Co.,* 76 N. Y. 365; *Lang* v. *Thacher,* 48 App. Div. 313; *Onondaga Nation* v. *Thacher,*

29 Misc. Rep. 428; 53 App. Div. 561; 169 N. Y. 584; *Pattison* v. *Skillman,* 34 N. J. Eq. 344; *Schrafft* v. *Wolters,* 61 N. J. Eq. 467; *Bindseil* v. *Smith,* 61 N. J. Eq. 654; *Dock* v. *Dock,* 180 Penn. St. 14; 3 Parsons on Contracts [7th ed.], §§ 329, 330; 2 Story's Eq. Juris. [13th ed.] §§ 709, 710; 1 Pom. Eq. Juris. [4th ed.] § 185; *Vosburgh* v. *Teator,* 32 N. Y. 561; *Wahl* v. *Barnum,* 116 N. Y. 87; *Bomeisler* v. *Forster,* 154 N. Y. 229.) The defendant having entered into a contract of a higher nature, *i. e.,* a specialty, has lost the right to continue her action at law. It is merged in the specialty. (*Cursom* v. *Monteiro,* 2 Johns. 308; *Frisbie* v. *Larned,* 21 Wend. 450, 453; *Pleasants* v. *Meng,* 1 Dall. 380; *Babcock* v. *Hawkins,* 23 Vt. 561; *Williams* v. *Hodgson,* 2 Har. & John. [Md.] 474; *Jones* v. *Johnson,* 3 Watts & Serg. [Penn.] 276; Chitty on Contracts, *6; Leake on Contracts [6th ed.], 681–683; Anson on Contracts [Corbin's ed. 1919], 488, 489.)

*Leo R. Brilles* for respondent. The alleged agreement upon which the action is founded is an accord only, and there being no satisfaction, it is insufficient as a defense and cannot form the basis of a cause of action. (*Brooklyn Bank* v. *De Grauw,* 23 Wend. 342; *Noe* v. *Christie,* 51 N. Y. 270; *Mance* v. *Hossington,* 205 N. Y. 33; *Reilly* v. *Barrett,* 220 N. Y. 170; *Wahl* v. *Barnum,* 116 N. Y. 87; *Kromer* v. *Heim,* 75 N. Y. 574; *Panzerbeiter* v. *Waydell,* 21 Hun, 161; *Smith* v. *Cranford,* 84 Hun, 318; 155 N. Y. 640; *Day* v. *Roth,* 18 N. Y. 448; *Goffe* v. *Jones,* 132 App. Div. 864.) The plaintiff is not entitled to specific performance or to an injunction against the prosecution of the action at law. (*Rubin* v. *Seigel,* 181 App. Div. 181; *Van Winkle* v. *Reynolds,* 157 App. Div. 901; *Day* v. *Roth,* 18 N. Y. 448.) Specific performance will never be enforced if injustice will be done thereby. (*Finkel* v. *Kohn,* 38 App. Div. 199.)

COLLIN, J. The plaintiff seeks a judgment directing the defendant to specifically perform a contract between

the parties. The demurrer of the defendant that the complaint does not state facts sufficient to constitute a cause of action was overruled by the Special Term and sustained by the Appellate Division. The complaint was not, under the leave of the Appellate Division to amend, amended, and was dismissed by the final judgment, which was affirmed by the Appellate Division.

The complaint alleges, in effect, and the demurrer admits the facts: The contract in question, in writing and under seal, was dated December 7, 1918. It recited the existence of various differences and controversies between the parties; the pendency of an action by the defendant here against the plaintiff, who is defending it, to recover fifty-one thousand four hundred seventy dollars and twenty-four cents with interest, and the desire of the parties to compromise and settle " all matters in dispute between them of every kind and nature whatsoever, including the matters and things embraced in said action above referred to," and stipulated that the plaintiff should pay the defendant on December 9, 1918, twelve thousand five hundred dollars, and he or his legal representative should pay her on January 1, 1919, and on the first day of each month thereafter during her life, two hundred and fifty dollars; the defendant " upon the receipt of said $12,500 " should immediately reassign to the plaintiff all policies of insurance upon his life and indorse a certain designated check payable to the parties jointly, and " contemporaneously with the receipt of said sum of $12,500," sign and deliver to him a letter retracting all derogatory statements made by her against plaintiff or his wife, should refrain from making similar future statements, and should return to him a designated last will and testament executed by him and all his books, papers or documents " such as old notes, checks and letters, including all letters heretofore written by " him to her " and all other property." It further provided, " In consideration of the payment by the party of the

first part (the plaintiff) to the party of the second part (the defendant) of said $12,500, and his promise to pay her the sum of $3,000 per annum for the balance of her life, said party of the second part promises and agrees that she at no time or under any circumstances or conditions directly or indirectly will engage in any speculation of any kind or nature, without first obtaining the written consent " of the plaintiff, and in the event of her violation of such promise he shall be under no further liability or obligation to support or make further payment to her. " General releases shall be exchanged between the parties hereto; the release from the party of the second part to the party of the first part to be made and executed by her individually and as executrix of the Estate of Charles Z. Moers, deceased, and in addition said party of the second part is to make, execute and deliver a general release in favor of the wife of the party of the first part, Theresa Moers; " the plaintiff duly tendered to the defendant the sum of twelve thousand five hundred dollars and the general release, as provided by the contract, executed by him, and full performance on his part of the contract; the defendant refused performance in all respects on her part and threatens and intends to and will, unless restrained by the court, proceed with the prosecution of the pending action brought by her against the plaintiff here; the plaintiff will suffer irreparable damage and has not an adequate remedy at law. The relief is demanded: judgment of specific performance by the defendant, and injunction against the prosecution of the pending action in her behalf. The defendant asserts and argues that the contract is an accord only, and, therefore, not binding upon her because she refused the satisfaction it provided. The Appellate Division sustained the assertion. The assertion is ill-founded and erroneous.

There is no doubt that a mere accord without satisfaction is unenforcible, and that an accord with tender

of satisfaction unaccepted is of like quality.   An executory agreement for accord of a pending action without satisfaction made under it does not bar the prosecution of the action, and tender of performance is insufficient for that purpose.   A mere accord without a satisfaction is ineffective and does not supersede or discharge the original contract or claim.   A new executory agreement, whether performed or not, may be accepted in satisfaction of a previous obligation or liability and if it is so accepted the remedy for breach thereof is upon the new and not the old agreement.   But, as a rule, it is the accepted performance of the agreement and not the mere promise or tendered performance which amounts to a satisfaction. An accord not executed does not discharge the original claim.   Whether there is an accord and satisfaction ordinarily involves a pure question of intention, which is, as a rule, a question of fact.   If the evidence directly or through reasonable inference creates no conflict concerning the intention it is a question of law.   (*Kromer* v. *Heim,* 75 N. Y. 574.)   These rules, however, do not apply to the present case.

The contract in the instant case is not a mere accord, or an accord executory.   It is a new and superior contract superseding and extinguishing the contract or contracts upon which the original action between the parties was based, and the action itself.   It relates to matters of differences and controversies other than, as well as, those involved in the original action.   It concerns all the claims and grievances of the plaintiff against the defendant and of the defendant against the plaintiff.   Each party enters into new agreements and assumes new obligations. Mutual releases shall be executed extinguishing all disputes and controversies between them.   Those new and reciprocal covenants and obligations were considerations legally sufficient to invest the contract with completeness and binding effect.   It is immaterial that certain obligations on the part of the defendant were

to be performed " upon the receipt of said $12,500," or " contemporaneously with the receipt of said sum of $12,500." Refusal by the defendant to receive the moneys accomplished nothing. It did not extinguish her agreements or absolve her from the obligations they created. It is enough that the agreements of the parties were new or created by the contract; were absolute and not dependent or conditional, were reciprocal and affected legal rights of either or both of the parties — a case of mutual promises, one of which is the consideration for the other. A recent definition of a sufficient consideration in a bilateral contract is: " Mutual promises in each of which the promisor undertakes some act or forbearance that will be, or apparently may be, detrimental to the promisor or beneficial to the promisee, and neither of which is rendered void by any rule of law other than that relating to consideration, are sufficient consideration for one another." (1 Williston on Contracts, section 103f.) A new executory contract between a claimant and the person charged, by which they reciprocally agree to do or not to do an act or acts not obligatory by contract or law, which will affect a legal right of either, and which, expressly or through implication, includes the settlement of the original claim, is not a mere accord, but is the substitute for the original claim or contract, which is merged in it, and is, in and of itself, binding upon the parties. (*Davis* v. *Spencer*, 24 N. Y. 386; *Bryant* v. *Gale*, 5 Vt. 416; *Billings* v. *Vanderbeck*, 23 Barb. 546; *Crowther* v. *Farrer*, 69 Eng. C. L. 675; *Vedder* v. *Vedder*, 1 Denio, 257; *Morehouse* v. *Second National Bank of Oswego*, 98 N. Y. 503; *Allison* v. *Abendroth*, 108 N. Y. 470; *Williams* v. *London Commercial Exchange Company*, 10 Exchequer, 569; *Merry* v. *Allen*, 39 Iowa, 235.)

The agreement set forth in the complaint was valid and binding upon both parties. It expressly contracted that each party should execute and deliver to the other a general release. It, as a matter of law, makes manifest

the intention of the parties that the original action and all disputes and controversies between them were merged into it. There was sufficient legal consideration in it. The plaintiff had duly offered to perform on his part. The defendant threatens and intends to prosecute the original action and to withhold wholly performance on her part. The allegations of the complaint permit the plaintiff to invoke equitable jurisdiction. (*Very* v. *Levy,* 13 How. [U. S.] 345; *Burke* v. *Burke,* 212 N. Y. 303, 307.) In the case last cited Judge, now Chief Judge, HISCOCK stated the rule: " The general rule of course is that equity will not entertain such an action as this to restrain an action at law unless special reasons demonstrate that full justice cannot be done in the latter action, and that an action in equity is necessary to secure to a party a more complete enjoyment of the rights to which he is entitled than could be obtained in the action at law. If the equitable action holds out no promise of relief which may not be secured in the other and more restricted proceeding there is no occasion for interference and it will be withheld." In view of our conclusion we have not deemed it necessary to consider, in connection with the question of consideration, the effect of the fact that the contract was under seal.

The judgments should be reversed, with costs in all courts; the demurrer should be overruled, with leave to withdraw demurrer and answer the complaint within twenty days on payment of costs.

HISCOCK, Ch. J., CHASE, POUND, CRANE and ANDREWS, JJ., concur; CARDOZO, J., concurs in result.

Judgments reversed, etc.