LENA KATZ, Respondent, *v.* JACOB A. BERNSTEIN, Appellant.

First Department, October 28, 1932.

*Edward C. Weinrib* of counsel [*Shaine & Weinrib*, attorneys], for the appellant.

*Joseph L. Maged* of counsel [*Irving M. Radin* with him on the brief; *Maged, Radin & Seidman*, attorneys], for the respondent.

O'MALLEY, J. The complaint seeks an accounting. Its first cause of action shows that the defendant, who is an attorney,

acted in such capacity for the plaintiff in various transactions and has received money and property for which he has not accounted. The second is stated at some length and involved various transactions had between the parties and others identified with plaintiff. Its gravamen, however, is that the defendant received other property and sums of money from the plaintiff for which he has not accounted and that he organized and employed a certain corporation to aid and defraud the plaintiff.

In addition to various denials, two separate defenses are pleaded. The first is to the effect that the plaintiff was represented in the transactions with the defendant by an attorney in fact who had full authority concerning the matters and transactions referred to in the complaint. It is alleged that the defendant has duly and fully accounted to the plaintiff for all matters upon which her causes of action are predicated and that plaintiff, through her agent, accepted said accounting as true and correct; that by such agent the plaintiff settled and compromised all controversies between the parties and that on January 4, 1932, an agreement in writing between the plaintiff, by her agent and attorney in fact, and the defendant, settled and determined all existing controversies. A copy of the agreement is set forth and made a part of the defense.

The second defense pleads in substance that the plaintiff's husband, Benjamin Katz, was the real party in interest in the transactions set forth in the complaint and that the plaintiff appeared as a matter of convenience, and for other reasons unknown to the plaintiff, as dummy for her husband. The defense then alleges that the defendant has fully accounted to Benjamin Katz, by virtue of the agreement referred to in the first separate defense, and also alleges that the defendant is ready, able and willing to comply with and abide by the terms of the agreement made by the plaintiff with Benjamin Katz, who has refused to accept performance thereof and has refused to abide thereby.

The agreement upon which the defenses are predicated was between the defendant, Benjamin Katz, the plaintiff, and all corporations in which any of the parties were interested. It provides that defendant was to pay to Benjamin Katz the total sum of $750; turn over to Benjamin Katz a certain mortgage upon which there remained due and owing $3,750, with interest; deliver all corporate records of the American Builders and Home Owners Corporation which held title to certain property in Ossining, New York; satisfy a certain mortgage known as the Ringelheim interest, pursuant to arrangements made between the defendant and Ringelheim's attorney. The agreement further provided that such purchased interest, together with the interest of the defendant Jacob Bernstein and all other persons claiming any interest in the

American Builders and Home Owners Corporation, should be turned over and delivered to Katz. The agreement then provides: "That each of the parties shall execute general releases releasing the other from any and all claim of moneys due or owing, fees or otherwise, except the express obligations assumed hereunder, and same shall be deemed a full and complete accounting discharge of any of the obligations claimed by the one against the other."

The defenses were dismissed upon the theory that the agreement relied upon did not show an accounting by the plaintiff to the defendant, but was rather a statement of settlement or an accord which would be ineffectual without satisfaction. It was held, therefore, that defendant's allegation of readiness and willingness to perform under the writing was an insufficient statement of tender of performance or performance thereunder.

The defendant contends that when the agreement is considered as a part of his affirmative defenses and given every fair intendment to which it is entitled, it shows a full accounting between the parties which resulted in a compromise or a new agreement to be enforced as any other contract. It is urged that the agreement resulted in a compromise of disputed rights and is not to be regarded as an accord which requires a satisfaction to be pleaded to constitute a defense.

With this view we agree. A new executory agreement whether carried out or not may be accepted in satisfaction of a previous obligation and the remedy then is upon the new and not the old agreement. (*Moers* v. *Moers*, 229 N. Y. 294, 300.) As stated in the authority cited, whether the new agreement is accepted in place and stead of the old obligation is a question of intention, usually determinable as one of fact.

In the pleading before us, the agreement pleaded in the defenses, so far as is disclosed from the facts and the pleadings themselves, relates to matters of differences and controversies other than, as well as, those involved in the original action. It concerns *all* the claims and grievances of the plaintiff against the defendant and *vice versa*. As stated in *Moers* v. *Moers* (*supra*, 301): "A new executory contract between a claimant and the person charged, by which they reciprocally agree to do or not to do an act or acts not obligatory by contract or law, which will affect a legal right of either, and which, expressly or through implication, includes the settlement of the original claim, is not a mere accord, but is the substitute for the original claim or contract, which is merged in it, and is, in and of itself, binding upon the parties." (Citing cases.)

We are of opinion, therefore, that as presented to us upon this appeal, the first defense sufficiently pleads a new and superseding contract between the parties. It, therefore, furnishes a defense

against an action predicated upon the old obligation. The agreement was signed by plaintiff's husband and as it is pleaded that he was acting as and for plaintiff with full authority in the premises, there is sufficient to show that she was bound thereby.

With respect to the second defense, the agreement is not only pleaded, but *facts* are also set forth tending to show that plaintiff is a mere dummy. This coupled with the other allegations is a sufficient defense to the effect that she is not the real party in interest.

Whatever intention with respect to the agreement pleaded in the defenses may be shown upon a full adducement of the facts and whatever then might be the relative position of the parties, are not now before us. Viewed merely in their own light and giving them every fair intendment, we are of opinion that the defenses were sufficient and should have been sustained.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with [ten dollars costs and disbursements, and motion denied, with ten dollars costs.