COMMERCIAL INVESTMENT TRUST, INC., Plaintiff, *v.* HARRY CHIEBNICK, Defendant.

City Court, New York County, November 9, 1934.

*Joseph G. Meyerson*, for the plaintiff.

*Eli Kriger*, for the defendant.

NOONAN, J.   During the course of the trial the jury was waived and it was stipulated that the court might decide the case. On April 8, 1931, the defendant signed a promissory note in the sum of $1,922, with interest from the date of making. The note was made

payable to the Peerless Soda Fountain Service Company which had installed a soda water fountain in a drug store conducted by the defendant. The note was a renewal note of one previously made on which some moneys had been paid on account. It was payable in installments, the first installment being fifty dollars to commence on May 8, 1931. The remaining installments were in the sum of forty-eight dollars, each due on the eighth day of each succeeding month, there being forty installments in all, and each was payable with six per cent interest. The last installment was due on August 8, 1934. The note also contained an acceleration clause which provided that upon the non-payment of any installment at its maturity all remaining installments became immediately due and payable. Defendant paid the first installment to the payee, and on June 3, 1931, and before the second installment became due, the note was transferred by the payee to the plaintiff corporation which had financed the transaction.

Subsequent to the transfer of the note the defendant paid four installments to the plaintiff as follows: $48.72 on June 18, 1931; $50 on June 22, 1931; $47.69 on September 28, 1931, and $48.16 on November 20, 1931. It is apparent from the proof of these payments that prior to January, 1932, the defendant had defaulted in the payment of some of the installments due on the note. Up to that time the total payment on the notes was the sum of $244.57, which left a balance of $1,677.43. The interest on this balance to August 8, 1934, the date of the last installment due on the note, was $196.81, which added to the unpaid principal made a total of $1,874.24. On January 22, 1932, plaintiff wrote to the defendant suggesting a new arrangement by which the defendant would pay the $1,874.24 in installments of $35, the first installment to date from January 8, 1932, and the last to be paid in the sum of $19.24 on June 8, 1936. There is no proof that the defendant specifically accepted this agreement, but the evidence is clear that he acted upon it by making several payments of $35. Subsequent to the making of the new agreement there were ten payments of $35 and one of $10, a total of $360. Prior to May 8, 1933, defendant had paid altogether on the note and agreement the sum of $604.57. The action is based upon the original note. In its complaint plaintiff alleges the making of the note dated April 8, 1931, the indorsement thereof by the payee to the plaintiff and the default of the defendant in paying the installment due on May 8, 1932. As to this default the complaint states that on that day, pursuant to the tenor of the note, there was due the sum of $51.12, no part of which was paid except the sum of $7.84. The acceleration clause in the note is then pleaded as entitling the plaintiff to the payment of the

remaining installments. The payment of $604.57 was conceded by the plaintiff and a demand for judgment was made for the balance of $1,317.43. The answer contained two defenses in addition to denials of the allegations of the complaint, and on the trial the second separate defense, which was also pleaded as a counterclaim, was withdrawn. The first defense, which alone remained, pleaded that this new agreement, made in January, 1932, canceled the note and was acted upon by the parties in place of it. The defendant also contends that, assuming the action is properly based on the note, the acceptance of payments subsequent to May 8, 1932, destroyed the plaintiff's right to avail itself of the acceleration clause contained in the note. The evidence discloses that subsequent to May 8, 1932, plaintiff accepted a payment of $35 on May 31, 1932; that it also received payments of the same amount on the following dates, namely, July 8, August 12, September 9, October 25, December 13, 1932, and a similar amount on March 21 and April 29, 1933. A payment of ten dollars was also received by the plaintiff on September 20, 1932. Plaintiff contends that there was no consideration for the new agreement made in January, 1932, thus leaving the plaintiff free to sue on the original note. This contention seems to be contrary to the law and the facts in the case. Under the note each installment is payable with interest of six per cent per annum. The new agreement, which, as already stated, was acted upon by both parties, added the entire interest on the note due from January 1, 1932, up to August 8, 1934, to the unpaid principal and interest due on January 1, 1932, which made a total of $1,874.24 payable according to the agreement in installments of $35. Not only was the amount of the installment payable each month changed from $48 to $35, but the interest thereon was payable in advance.

The change from the agreement under the note to the substituted agreement of January 22, 1932, was a marked one. The principal sum was increased. The unearned future interest became an absolute and fixed obligation and this resulted in a different method for the performance of the defendant's part of the contract. I am not satisfied that the acceleration clause of the note became a part of the new agreement. The contention of the defendant as to this has not been clearly established, but even if the acceleration clause was not inherent in the new agreement, there was ample consideration for the substituted contract. This consideration consisted in the addition of the unearned interest to the unpaid principal. Another consideration for the new agreement was the changed legal relationship of the defendant. (Restatement of the Law of Contracts, §§ 75, 84; *Moers* v. *Moers*, 229 N. Y. 294; *Katz* v.

*Bernstein,* 236 App. Div. 456; *Morehouse* v. *Second Nat. Bank of Oswego,* 98 N. Y. 503; *Spier* v. *Hyde,* 78 App. Div. 151, 158.) In its complaint plaintiff assumes the right to invoke the acceleration clause since the suit is based on the note, but there is no proof that the plaintiff exercised its option to proceed on the acceleration clause. Subsequent to May 8, 1932, the date of the default alleged in the complaint, it accepted payments of thirty-five dollars installments for nine months. The conclusion is inevitable that the acceptance of these installments constituted a waiver of the plaintiff's right to act on the acceleration clause. (41 C. J. 853, § 1038; Clark's New York Law of Contracts, vol. 1, pp. 370, 371, § 251; *Ver Planck* v. *Godfrey,* 42 App. Div. 16.) My conclusion is that the plaintiff's remedy is upon the new agreement and not on the note. The complaint is, therefore, dismissed and judgment is directed for the defendant. An exception is granted to the plaintiff. Submit findings.