In the Matter of the Judicial Settlement of the Account of Proceedings of AMELIA M. CAMPBELL and FRANK E. CAMPBELL, JR., as Administrators, etc., of FRANK E. CAMPBELL, Deceased.

ELOESS HOLDING CORPORATION and LOUIS GUROCK, as Trustee under a Trust Indenture Dated May 2, 1932, Appellants; AMELIA M. CAMPBELL and FRANK E. CAMPBELL, JR., as Administrators, etc., of FRANK E. CAMPBELL, Deceased, Respondents.

First Department, April 21, 1939.

*Jacob Paull* of counsel [*Gettinger & Gettinger*, attorneys], for the appellants.

*Edward McFadden, Jr.,* of counsel [*Lee McCanliss* with him on the brief; *McCanliss & Early*, attorneys], for the respondents.

UNTERMYER, J.   On December 16, 1935, judgment for $32,750 was recovered in the Supreme Court, New York county, by Nathaniel J. Hess and Enjay Holding Co., Inc., a nominee of the appellant Eloess Holding Corporation, against the administrators of Frank E. Campbell, deceased.   During the pendency of an appeal from the judgment to this court, negotiations occurred resulting in the agreement of settlement which is in controversy here, by which the surrogate has held that the judgment for $32,750 was compromised for $25,000 and will be satisfied by the payment of that sum.

In March, 1936, the attorneys for the Campbell estate and the counsel for the judgment creditor entered into negotiations which culminated in an exchange of letters, dated April 2 and April 3, 1936, whereby the judgment for $32,750 against the Campbell estate was agreed to be settled as follows:

" 1. The above action is settled for the sum of $25,000 to be paid in cash or certified check.

" 2. We are to deliver to you, in exchange for the above payment, a satisfaction of the judgment in the above matter, as well as a stipulation discontinuing the pending appeal, without costs to either party, and in addition, a certified copy of an order vacating the third party order heretofore served upon you on behalf of Daniel Kendall, judgment creditor, against Enjay Holding Co., Inc., judgment debtor."

The latter provision had reference to the fact that Daniel Kendall had recovered judgment for about $11,000 against Enjay Holding Co., Inc., in connection with which he had caused a third-party order to be served on the Campbell estate restraining it from paying any part of the judgment of $32,750 to Enjay Holding Co., Inc. Although an application was made on April 20, 1936, to vacate the third-party order, or in the alternative to vacate the stay contained therein, that order was not, either then or thereafter, vacated in its entirety and the estate was, accordingly, justified in its refusal to pay the $25,000 in settlement of the judgment.   The question presented, however, is whether the judgment for $32,750

was irrevocably extinguished by the acceptance by the judgment creditor of the promise by the estate to pay $25,000 within the principle expressed in *Moers* v. *Moers* (229 N. Y. 294) and *Katz* v. *Bernstein* (236 App. Div. 456) or whether the agreement of settlement constituted an executory accord which, previous to the effective date of section 33-a of the Personal Property Law (March 18, 1937), was not enforcible without a complete satisfaction. (*Kromer* v. *Heim*, 75 N. Y. 574; *Reilly* v. *Barrett*, 220 id. 170.)

The controlling principle has been stated as follows: " The doctrine which has sometimes been asserted that mutual promises which give a right of action may operate and are good, as an accord and satisfaction of a prior obligation, must, in this State, be taken with the qualification that the intent was to accept the new promise, as a satisfaction of the prior obligation. Where the performance of the new promise was the thing to be received in satisfaction, then, until performance, there is not complete accord; and the original obligation remains in force." (*Kromer* v. *Heim*, *supra*.)

We think the conceded facts require the conclusion that the agreement was an executory accord not intended to be accepted as a substitute for the judgment, and that the administrators so regarded it. There is no reason to believe that, by this agreement, the parties intended, under all possible circumstances, to limit the judgment creditor to $25,000 and to preclude recovery of the full amount of the judgment, if, for instance, the estate had repudiated the settlement. The decisions relied on by the administrators (*Moers* v. *Moers*, *supra; Katz* v. *Bernstein*, *supra*) are cases where the obligation which was held to be discharged was included as a part of a comprehensive settlement involving the adjustment of reciprocal rights and obligations other than those involved in the original action. That fact was held to be significant, if not decisive, on the question of the intention of the parties completely to extinguish the old obligation by substituting new obligations in its place. In the present case the settlement only involved the judgment and matters incidental thereto. We cannot, therefore, assume that the judgment was to be regarded as satisfied until the proper instruments were delivered and the consideration paid.

The declarations and conduct of the attorneys for the estate are inconsistent with any other theory. In affidavits submitted on behalf of the estate on April twenty-eighth, its attorney referred to the agreement as a " tentative settlement." Thereafter, in connection with an application by Kendall to require the administrators to pay to him the amount of his judgment, the administrators, on May 25, 1936, asked leave to take the deposition of witnesses, apparently for the purpose of vacating the very judg-

ment which is now asserted to have been settled, on the ground that certain testimony by which it was procured was untrue. On that application the estate submitted the affidavit of one of its attorneys in which, after stating that the judgment " was tentatively arranged to be settled," he asserted that " this settlement was arranged by Mrs. Campbell not because of any belief in the merit of the plaintiffs' claim, but because she desired to buy her peace." He then proceeded to contend that the judgment should not be enforced against the estate, and said: " Additional facts are now disclosed substantiating the position taken by Mrs. Campbell, as administratrix, throughout, which is that there is a total lack of merit in the Hess suit and that the defendants in such Hess suit should not be required in justice and in equity to pay anyone the judgment which has been obtained therein and which is now pending on appeal."

Immediately thereupon the attorney for the judgment creditor advised the attorneys for the estate that he regarded the submission of the affidavit as a repudiation of the settlement and would prosecute the appeal then pending in order to secure an affirmance of the judgment. The attorneys for the estate, though insisting that the settlement remained effective, declined to withdraw their appeal. When the appeal was reached for argument they applied for an adjournment and, when this was refused, submitted their brief demanding that the judgment be reversed and the complaint dismissed. If, as they now contend, the settlement was accepted in substitution of the judgment which was extinguished thereby, there should have been no hesitation in withdrawing the appeal. It is impossible to explain their refusal and the desire to secure a reversal of the judgment, except on the theory that, in common with the attorney for the judgment creditor, they recognized that the judgment would remain enforcible if the settlement should fail. The contention, made after the judgment was affirmed on appeal for the full amount (*Hess* v. *Peters*, 248 App. Div. 699), that the agreement of settlement was intended to be in substitution for the judgment, is not sustained by the uncontradicted facts.

The interim decree of the surrogate, to the extent appealed from, should be reversed and the claim allowed for the full amount, with costs to the appellants.

GLENNON, COHN and CALLAHAN, JJ., concur; MARTIN, P. J., dissents and votes to affirm.

Decree, so far as appealed from, reversed and claim allowed for the full amount, with costs to the appellants. Settle order on notice