CLAUDIUS B. PAPE and Others, as Executors, etc., of EDWARD T. PAPE, Deceased, Respondents, v. RUDOLPH BROTHERS, INC., Appellant.— Judgment and order

affirmed, with costs. Memorandum: The statement of plaintiffs' testator alleged to have been made to the president of defendant, that he would not insist on the additional amount of rental covenanted in the lease to be paid after May 1, 1937, did not create a new contract as there were no mutual promises, and it is not claimed that there was a meeting of minds on a new contract. (*Moers* v. *Moers*, 229 N. Y. 294, 301; *Hopwood Plays, Inc.*, v. *Kemper*, 263 id. 380, 384.) There was not a genuine controversy concerning the amount due from the defendant and the acceptance of a sum less than the whole of the claim does not constitute an accord and satisfaction. (*Moers* v. *Moers, supra*, p. 301.) The checks given after May 1, 1937, did not include the amount of additional rent provided for in the lease, but each check was only for the amount payable under the lease prior to such date. The notation on each check that it was in payment of the rent for the current month was not binding as the rental due each month was certain in amount. The payment of an amount admitted to be owing was not an accord and satisfaction of the liability for the additional rental. (*Hudson* v. *Yonkers Fruit Co.*, 258 N. Y. 168, 173.) The plaintiffs are not estopped by the acceptance of the checks. (*Hopwood Plays, Inc.*, v. *Kemper, supra*, p. 384.) The acceptance of the checks did not prevent recovery according to the plain terms of an unambiguous contract. (*Hopwood Plays, Inc.*, v. *Kemper, supra*, p. 385.) The acceptance of the checks was not a release within the terms of section 243 of the Debtor and Creditor Law. All concur. (The judgment is for plaintiffs in an action to recover rentals due under a lease. The order struck out defendant's answer and granted plaintiffs' motion for summary judgment.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.