BOUDINOT ATTERBURY and CRYSTALCOTE, INC., Respondents, *v.* JAMES F. WALSH PAPER CORPORATION and JAMES F. WALSH, Appellants.

First Department, March 21, 1941.

*Irving S. Abrams*, for the appellants.

*Henry W. Steingarten* of counsel [*Neil P. Cullom* with him on the brief], for the respondents.

TOWNLEY, J. The plaintiff corporation installed a machine in the defendants' premises for experimental purposes in December,

1939. In May, 1940, the defendants demanded $6,786.82 for materials furnished in connection with the machine and for the use of the facilities of the defendant corporation. An action was brought on this demand. During the pendency of that action commenced by the defendants, a settlement was reached. The attorney for the plaintiffs wrote the following letter to the attorney for defendants confirming the oral arrangement. The letter reads as follows:

" This confirms my conversation with you yesterday afternoon wherein it was agreed that all claims by and against James F. Walsh Paper Corporation, Mr. James F. Walsh, Crystalcote Corporation and Mr. Boudinot Atterbury are settled and disposed of as follows:

" 1. My clients are to be given access to, and are to remove, the machine previously erected by Crystalcote and now standing on the premises of your clients, including other equipment belonging to my clients.

" 2. Provided the foregoing machine and equipment are delivered to Crystalcote in good order and condition, Crystalcote Corporation and Mr. Boudinot Atterbury will pay you the sum of $500.00 within twenty-four hours after final delivery. This money has been deposited with me and is being held in escrow pending performance of this agreement.

" It is understood that in connection with the removal of the machine, either a mechanic from R. Hoe & Co., Inc. or Mr. Atterbury may be personally present to assist therein, and that the removal from the premises shall be deemed an admission that the machine and equipment were delivered to my clients in good order and condition. ,

" 3. Simultaneously with the payment of $500.00 herein, general releases will be executed and exchanged between Boudinot Atterbury, Crystalcote Corporation and James F. Walsh Paper Corporation and Mr. James F. Walsh individually."

The terms of the letter were not carried out and the defendants continued to prosecute their action. Plaintiffs then brought the within action setting out the foregoing facts and praying not only for specific performance of the agreement represented by the above letter but also that Walsh be enjoined from prosecuting the prior action against the plaintiffs. On the motion to dismiss herein Special Term has held that the above letter constitutes a superseding contract taking the place of the original contract relating to the installation of the machinery and is enforcible. Defendants have appealed and the question before us is whether this is a superseding contract or an executory accord.

Under subdivision 3 of section 33-a of the Personal Property Law, "if an executory accord is not performed according to its terms by one party, the other party shall be entitled either to assert his rights under the claim, cause of action, contract, obligation, lease, mortgage or other security interest which is the subject of the accord, or to assert his rights under the accord," provided (Pers. Prop. Law, § 33-a, subd. 2) "the promise of the party against whom it is sought to enforce the accord is in writing and signed by such party."

The terms of the letter above quoted were never assented to in writing by the defendants and the attempt to enforce the settlement as an executory accord necessarily falls because the common-law rule as to such a situation applies. As was said by the Court of Appeals in *Kromer* v. *Heim* (75 N. Y. 574, 577): "The doctrine which has sometimes been asserted that mutual promises which give a right of action may operate and are good, as an accord and satisfaction of a prior obligation, must, in this State, be taken with the qualification that the intent was to accept the new promise, as a satisfaction of the prior obligation. Where the performance of the new promise was the thing to be received in satisfaction, then, until performance, there is not complete accord; and the original obligation remains in force."

It is equally impossible to interpret this settlement as a superseding contract. Special Term relies on the authority of *Moers* v. *Moers* (229 N. Y. 294). In that case the agreement settled a number of separate differences and controversies between the parties, including a pending action by the defendant against the plaintiff. It was an agreement to compromise and adjust the respective claims of the parties in all of these pending matters. It required the payment of money in installments during the entire life of the defendant, the reassignment of certain insurance policies upon his life and the indorsement of a check payable to the parties jointly, as well as the signature on a letter retracting derogatory statements made by the defendant against the plaintiff, and the return by the defendant of a last will and testament executed by him, the return of all of his books, papers and documents, such as old checks and letters, and other property, as well as agreements on the part of the defendant at no time to engage in speculation of any kind. It also involved the exchange of general releases and the release of the claim held by an estate against the plaintiff. In short, it was a comprehensive settlement of all the differences existing between a man and his wife and the adjustment of their present and future obligations to each other. It might well have been called a superseding contract.

This court had occasion to consider the judgment in *Moers* v. *Moers (supra)* in *Matter of Campbell* (256 App. Div. 693; affd., 281 N. Y. 685). There we passed upon the effect to be given to an agreement by which a judgment for $32,750 was to be settled by the payment of a sum of $25,000 and certain incidental things connected therewith were to be done. At the time this agreement of settlement was made, section 33-a of the Personal Property Law had not gone into effect and such agreement, if taken as an executory agreement of settlement, was unenforcible. The claim was made therein that performance of the agreement might be enforced because it superseded the original obligation and had created a new obligation. Mr. Justice UNTERMYER wrote: " The decisions relied on by the administrators [*Moers* v. *Moers, supra; Katz* v. *Bernstein*, 236 App. Div. 456] are cases where the obligation which was held to be discharged was included as a part of a comprehensive settlement involving the adjustment of reciprocal rights and obligations other than those involved in the original action. That fact was held to be significant, if not decisive, on the question of the intention of the parties completely to extinguish the old obligation by substituting new obligations in its place. In the present case the settlement only involved the judgment and matters incidental thereto. We cannot, therefore, assume that the judgment was to be regarded as satisfied until the proper instruments were delivered and the consideration paid."

In the case at bar similarly all that is involved is a settlement agreement and the settlement of a single item, namely, the pending law suit to recover rent and supplies furnished during the period the machine was at the defendant's factory. The arrangement sought to be enforced here is in legal effect nothing but an executory accord and cannot be interpreted as a superseding contract. Any other conclusion would tend to nullify the plain legislative purpose of section 33-a of the Personal Property Law.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.