■ LINDA HAENICHEN, Appellant, v FERDINAND E. METZ et al., Respondents. [671 NYS2d 101] —In an action, *inter alia*, to recover damages for breach of certain covenants in a nonrecourse mortgage, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Bernhard, J.), entered April 25, 1997, which granted the motion of the defendant Ferdinand E. Metz for summary judgment dismissing the complaint and denied her cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant Ferdinand E. Metz were

divorced by judgment dated February 26, 1987. A subsequent judgment awarded the plaintiff the principal sum of $1,405,101, as the balance due on the matrimonial distributive award. The plaintiff signed a satisfaction of judgment on September 11, 1992, in exchange for the execution of a nonrecourse mortgage by Metz in favor, *inter alia*, of the plaintiff.

The satisfaction of judgment was a substituted agreement which extinguished Metz's obligation under the judgment (*see, Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375, 382-384; *Blair & Co. v Otto V.*, 5 AD2d 276; *Moers v Moers*, 229 NY 294). Even if the satisfaction of judgment was an executory accord as the plaintiff, in part, contends, satisfaction occurred when Metz executed the nonrecourse bond and mortgage dated September 11, 1992 (*see, Denburg v Parker Chapin Flattau & Klimpl, supra*, at 384). The bond and mortgage stated, *inter alia*, that it was "given to replace any security, either by virtue of judgment or mortgages held by the [plaintiff]", and that the plaintiff agreed that except for the nonrecourse bond and mortgage, Metz was "not indebted" to her.

Since the bond and mortgage did not require Metz to make payments upon a first mortgage or to make tax payments, the plaintiff's contention that Metz failed to perform those obligations are without merit. Further, as the Supreme Court noted, the record showed that the plaintiff entered into the agreement represented by counsel, knowing that taxes had not been paid, and without investigating Metz's ability to make payments upon a first mortgage and tax payments.

We find the plaintiff's remaining contentions to be without merit. Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.