M. E. CONRAN CO., INC., Plaintiff, *v.* BREVORT DEVELOPING CORPORATION and Another, Defendants.

City Court of New York, Kings County, April 29, 1930.

*Weissberger & Leichter,* for the plaintiff.

*Benjamin & Benjamin,* for the defendants.

GALLAGHER, J.   Plaintiff sues as holder in due course of a promissory note for $2,000, and moves for summary judgment against the maker and an accommodation indorser, the corporate and individual defendants respectively.   The individual is president of the corporate maker.   The only other party to the instrument, the payee, is said to be insolvent, and is not a party to the suit.   On the argument it was conceded by defendants' counsel, and the papers warrant the concession, that plaintiff was the holder in due course of a previous note for $3,000, made and indorsed by these same defendants and payable in three months to the same payee.   The $3,000 note was at maturity replaced by the $2,000 note in suit, also payable in three months, and a check for $1,000.   This check was also made by the corporate defendant, and was payable to the same payee named in the notes.   The check was duly presented for payment, but was dishonored because of insufficient funds.   The payee, however, subsequently paid the $1,000 to plaintiff.   Both notes and the check were presented on the argument, also a letter from the payee to plaintiff inclosing the original note, and a subsequent letter inclosing the note sued on and the check.   The only allegations in the complaint which are denied in the answer are those

which in legal effect aver plaintiff to be a holder in due course. That plaintiff is not such a holder is also pleaded as an affirmative defense.

The history of the inception of the note in suit shows that all parties concerned regarded it as a renewal, *pro tanto*, of the $3,000 note. The equities are clearly with plaintiff. Had it insisted upon payment of the $3,000 note at maturity, instead of doing defendants the favor of extending their time for three months to pay $2,000 of it, defendants concededly would have had to pay the whole indebtedness. Defendants would now return this favor by paying no part of the indebtedness. Not only are the equities on plaintiff's side, but also respectable authority for the proposition that defendants have waived the defense and are estopped from asserting that plaintiff had, at the time it accepted the renewal note, notice of an infirmity in the instrument. There are decisions which hold that defendants would be estopped from asserting the defense even in an action by the payee of the renewal note. The rule is thus stated in 8 Corpus Juris, 444: " One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or of false representations by the payee, etc., waives such defense and cannot set it up to defeat or to reduce a recovery on the renewal note." (See, also, to the same effect 1 Daniel Neg. Inst. [6th ed.] § 205.)

The decision of this motion need not, however, rest upon this basis alone. It is not claimed by defendants, either in their answer or in the affidavit which they submit in opposition to the motion, that they at any time had an agreement or understanding with the payee that the latter would not negotiate the note or that delivery of the note to the payee was in any way conditional or subject to adjustments between the parties, or that negotiating the note would in any view amount to bad faith. Obviously, the note was given to be negotiated, as otherwise its issuance was meaningless. It was given by developers of real estate (defendants) to a contractor (the payee) who supplied steam-heating equipment to defendants and as part payment of the contract price thereof. Defendants' affidavit set forth a long list of items of defective work and material furnished by the payee, and that prior to the delivery of the second note the payee informed the plaintiff of the facts, and advised plaintiff that " he would do whatever work was necessary to correct the defective workmanship and material so that the note in question would be paid." Evidently defendants' position is that they renewed the note with full knowledge of the partial failure of consideration for the original note and upon the promise of the payee that he would do something in the future, namely, repair the defects.

No affidavit of the payee has been presented, though defendants

claim that it was the payee alone who communicated the foregoing conditions and promise to plaintiff prior to the delivery of the note in suit. The defendants do not pretend that at any time they communicated any of this alleged information to plaintiff. The absence of the payee's affidavit may, however, be disregarded, because if we assume that the payee did actually communicate to plaintiff knowledge of the existence of the payee's promise at or before the delivery of the note, this would not aid defendants. The knowledge would not impair or affect plaintiff's status as a holder in due course. Until the breach of the promise, which on defendants' own showing was entirely executory, defendants would have no defense to the note. (*Davis* v. *McCready*, 17 N. Y. 230; *Tradesmen's Nat. Bank* v. *Curtis*, 167 id. 194.) As was stated in *Title Guarantee & Trust Co.* v. *Pam* (232 N. Y. 441, 457): "Until the promise was broken, a defense did not exist. The purchaser was not affected by equities that might never come into being."

The motion for summary judgment is granted, with ten dollars costs and the taxable costs of the action. Defendants are granted five days' stay of execution after the service of the order entered hereon. Order signed.