Shanley N. Egeth, J.
Plaintiff’s motion for summary judgment must be denied. The affidavits upon this motion clearly reveal without contradiction that plaintiff factor procured a series of notes by paying consideration to its customer, the payee thereof. There is no indication that at the time of acquisition plaintiff had any knowledge of possible defenses which might have been in existence for assertion by the maker against the payee from whom plaintiff derived its title. Plaintiff therefore, became a holder in due course of the said notes. (Uniform Commercial Code, § 3-302, subd. [1], par. [c].)
*380 The affidavits clearly further reveal that after a default in payment ensued, plaintiff exercised its rights under the series of notes by demanding acceleration of the balance due upon all the notes, thereby creating a present total balance due of $17,149. Thereafter, plaintiff first contacted its customer, the payee, and subsequently entered into discussions with the defendant maker of the notes, relating to payment of the moneys due. The defendant importuned that plaintiff refrain from attempting immediate full recovery, and plaintiff finally agreed to accept a cash immediate payment (by check) in the sum of $9,354, and a new note in the sum of $7,795 drawn by the defendant to the order of the payee on the original notes (plaintiff’s customer), which was thereupon endorsed over to plaintiff’s order.
Plaintiff has commenced this action following a default on payment upon this note. Plaintiff claims to be a holder in due course, asserting that the note sued upon was a substitution for its original note. Plaintiff asserts that it intended to, and did in fact, retain its original status as a holder in due course, not subject to or affected by any defenses which the defendant might have against its original payee. Plaintiff claims its status as a holder in due course was not destroyed because it merely renewed the original indebtedness (see Conran Co. v. Brevort Developing Corp., 137 Misc. 265). Defendant contends that the new note extinguished the original obligation, obliterated plaintiff’s prior status as a holder in due course upon the original notes, and substituted therefor the rights acquired under the instrument sued upon. Defendant further contends (despite sworn denial by plaintiff) that plaintiff had discussions with it concerning its claims, complaints and defenses against the original payee of the note, prior to delivery of the note sued upon, and that knowledge of the existence of such defenses, prior to negotiation and delivery of the instrument, prevented plaintiff from becoming a holder in due course, and rendered it subject to any such defenses which might be proven in this action (Uniform Commercial Code, § 3-302, subd. [1], par. [c]; § 3-306, subds. [b], [c]; see County Trust Co. v. Berish, 4 A D 2d 777).
The court must agree with defendant. Despite plaintiff’s present claims of its prior subjective reasoning, the course of conduct surrounding the issuance of the note sued upon did not constitute a renewal of the existing note. It rather produced an agreement resulting in a partial payment (the cash received) and a novation with respect to the balance (the note accepted). (See Moers v. Moers, 229 N. Y. 294; Blair & Co. v. Otto V., 5 A D 2d 276; 42 N. Y. Jur., Novation 4.)
*381 This agreement nullified the original obligation when plaintiff received and accepted the cash and the new note. The holder in due course status under the old notes disappeared with the extinguishment of the total debt represented by the notes. Plaintiff’s present status must be determined by the circumstances existent at the time it received delivery of the note sued upon. If prior to delivery plaintiff had knowledge that defendant had defenses which it might assert against the payee of the notes, plaintiff could not become a holder in due course. Plaintiff would have then accepted the new note, which is sued upon herein, subject to those defenses. The affidavits raise a sharp dispute as to the existence of any such knowledge, and this crucial issue must be resolved at trial. Summary judgment must accordingly be denied.