**MILLER-DUNN COMPANY, INC., a Florida corporation, v. PERRY GREEN.**

16 So. (2nd) 637
February 11, 1944

January Term, 1944
Division A

*Thomas H. Anderson,* for appellant.

*Arthur S. Friedman, S. W Shapiro* and *Victor Levine,* for appellee.

TERRELL, J.:

The declaration in this case filed by appellee alleges in substance that Miller-Dunn Company, Inc., a corporation, employed Perry Green to manufacture 850 small metal pumps, Miller-Dunn Company, Inc., to furnish all material and pay $12 for each pump and Green to furnish all the labor. Some

material was delivered to Green; he began work on the pumps but Miller-Dunn Company, Inc., breached its contract by removing the material from Green's premises.

A second count charged anticipatory breach of the contract in different phraseology but was not materially different from the first. A demurrer to the declaration was overruled and eight pleas including the general issue and special traverses were then filed. Defendant was later permitted to file a ninth plea which alleged that plaintiff so negligently performed his duties that the pumps were ruined to defendant's damage in the sum of $10,000 which it should be permitted to recoup from the plaintiff's claim. The cause went to trial on these issues resulting in a verdict for the plaintiff in the sum of $1640. This appeal is from the judgment entered on that verdict.

Numerous questions are argued but we rest this decision on that of whether or not there was a contract between appellant and appellee and whether or not there was an accord and satisfaction. We have reached the conclusion that question one must be answered in the negative and question two in the affirmative and when done all other questions become nil.

As to whether or not there was a contract between the parties, the evidence shows nothing more than an inquiry by appellant as to whether Perry Green could make the pumps in question. The declaration relies on an express promise by oral agreement. It is shown that an agent of Miller-Dunn Company asked Green if he could make 850 pumps or words to that effect but this without more did not constitute an offer with an acceptance which is necessary to constitute an enforceable contract. In other words, we find nothing based on a valuable consideration whereby Miller-Dunn Company binds itself to perform or forbear an act that gives Green a right to demand and enforce performance. Moulton v. Kershaw, 59 Wis. 316; United States v. Baltic Mills Co., 124 Fed. 38; Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498.

In this pronouncment, we do not overlook the fact that three other similar contracts had been made and performed

by the parties. Green relying on this and the fact that some materials were delivered to him by appellant contends that by inference, an offer and an acceptance were completed and thereby a contract closed. The answer to this is that the declaration and the evidence relies on an express contract and will not support an implied one. Even if this were not true, a contract to construct 850 pumps will not be implied by delivery of material for less than one fourth of that many.

On the point of whether or not there was an accord and satisfaction the record shows that Miller-Dunn Company delivered to Green its check for $419.63, bearing the legend, "settlement in full." Green objected to the check and returned it to appellant but later accepted and cashed it under conditions delivered to him. Green says that he accepted it under protest but we understand the law to be that when a claim in controversy is open and unliquidated and the party to whom it is due accepts payment in full it will operate as an accord and satisfaction even though the party to whom paid declares that he takes it only in part satisfaction. Sanford v. Abrams, 24 Fla. 181, 2 So. 373; Hand Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78.

We are not unmindful of the fact that whether or not there was an accord and satisfaction involves a question of intent which is a question of fact to be determined by transactions and reasonable inferences therefrom. The circumstances under which the check in question was taken would seem to preclude any question that as a matter of law every element of an accord and satisfaction was present.

The judgment appealed from is therefore reversed.

Reversed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.