PATTISHALL, Associate Judge.
Charles J. King, as administrator of the estates of his parents, both of whom died August 16, 1955, sued his sister, Julia Kitchens (formerly McKamey), alleging that on February 14, 1952 she entered into an agreement with her parents to build a home for them in Florida and on that date they paid her $4,000 to start it, and the payment of same and its purpose was acknowledged in writing, but that she had not built the home and had not returned the money, and after demand by plaintiff refused to repay it.
Although the defendant denied entering into an agreement to build a home, she admitted the signing of the memorandum and payment of the $4,000 and that it had not been repaid and that a home had not been built for her parents. By way of affirmative defense she set up that the three-year statute of limitations had run before the death of her parents and that there had been an accord and satisfaction arising out of the execution and delivery of a deed to her parents on July 20, 1954 for a life interest in certain real estate and delivery of possession to them, with remainder over to defendant.
At the close of plaintiff’s evidence, defendant moved for a directed verdict on the ground that the plaintiff asserted an express contract which had not been proved, and that the proof showed that the three-year statute of limitation had run before the death of the parents of the parties. At the conclusion of all the evidence defendant again moved for a directed verdict on the same ground with the additional ground that the defense of accord and satisfaction had been proved and not rebutted. Both motions were denied.
The only material evidence in support of the defense of accord and satisfaction was the execution, delivery and recording of the deed for the life interest showing a 10{S Florida documentary stamp thereon and the placing of the parents in possession of the property. The defendant was precluded by the dead man’s statute from testifying about the transaction any further.
In denying the motions for directed verdicts, the trial court, we think, correctly ruled that the plaintiff’s action was not upon an express contract as such but rather that an express trust arose by reason of the money having been paid for a specified purpose and not used for that purpose and not repaid; that the question of whether or not accord and satisfaction had been proved depended upon proper and reasonable inference to be drawn from all the evidence, which was within the province of the jury and not the court; that since no time had been stated within which the construction of the house should be started, the law would presume that a reasonable time was intended; that the determination of a reasonable time should be made by the jury from the evidence and reasonable inferences therefrom and not by the court as a matter of law, and that such time would determine when the statute of limitations began to run.
The trial court instructed the jury consistent with its rulings and the jury return *416 ed a verdict for the plaintiff for $4,000 with interest from February 14, 1953.
All of defendant’s assignments of error are grounded upon the rulings of the trial court on the motions for directed verdict and instructions to the jury given or refused.
We find no error in the record and the judgment of the trial court should be and is affirmed.
Affirmed.
ALLEN, Acting Chief Judge, and THORNAL, A. J., concur.