PEARSON, Judge.
The appellant, J. A. Cantor Associates, Inc., was defendant in the trial court. The appellee, William Blume, was a real estate salesman in the office of the defendant. This appeal is from a final judgment for plaintiff. The judgment was upon a jury verdict and represented amounts claimed by the plaintiff-salesman to be due to him pursuant to an agreement with the defendant-corporation that he should receive 50% of the commissions paid upon property sold by the plaintiff.
The appellant urges that the court erred in refusing to direct a verdict for the defendant upon the ground that the evidence showed as a matter of law that the plaintiff was precluded from recovery by an accord and satisfaction between the parties. The affirmative defense of accord and satisfaction was properly pleaded, and motions for a directed verdict were made at the conclusion of plaintiff’s case, at the close of all the testimony and renewed after verdict. The sole question presented upon this appeal is whether an accord and satisfaction existed as a matter of law. We hold that it did not conclusively appear and the judgment of the trial court is affirmed.
Neither the plaintiff nor the defendant requested that the jury be instructed upon the issue created by defendant’s plea of accord and satisfaction. Each has regarded the essential facts as without conflict and approved the trial judge’s action in determining the issue as one of law. This procedure is in accord with Sanford v. Abrams, 24 Fla. 181, 2 So. 373, and United States Rubber Products v. Clark, 145 Fla. 631, 200 So. 385. However, the issue is one for the jury when the question of whether or not accord and satisfaction has been proved depends upon proper and reasonable inferences to be drawn from the evidence. Miller-Dunn Co. v. Green, 154 Fla. 72, 16 So.2d 637; Kitchens v. King, Fla.App.1958, 102 So.2d 414.
*605 In the instant case, the appellant contends only that a directed verdict should have been entered finding that there was an accord and satisfaction as a matter of law. It is contended that certain letters between the parties conclusively proved the defense. If it is determined that these letters raised an issue of fact as to whether there was an intention by the parties to have an accord and satisfaction, the appellant must fail, since appellant, defendant below, not only did not object but urged the trial judge to determine the issue as a matter of law.
It was established that the plaintiff had an agreement with the defendant whereby the plaintiff would receive 50% of the commission paid on any property sold by the plaintiff as salesman. A sale was completed upon a property for which the plaintiff had procured the purchaser. The plaintiff was out of the state at the time, and the defendant wrote to him informing him that it was going to retain an additional 25% of the total commission because Mr. J. A. Cantor had personally closed the transaction for the plaintiff. The plaintiff thereupon sent letters to the sales manager of plaintiff and to Mr. J. A. Cantor protesting the proposed action and reasserting his contract. A further exchange of letters between the plaintiff and the sales manager did not produce a change of position by either party. Subsequently Mr. J. A. Cantor wrote a letter to the plaintiff in which no specific amount was mentioned, but it was apparent that there had been no retreat from the original position taken. This letter concluded:
“This will put you on notice that I do not intend to pay you any more than I agreed upon. If you are dissatisfied, you can do as you see fit; if you are satisfied, I will gladly send you your share of the commission we agreed upon, and as the balance comes in I will send you your share as soon as we receive it.”
To this letter the plaintiff replied:
“Although I feel that a grave injustice has been done me, I shall attempt no reprisal that might result in unfavorable publicity to you.
“I will make arrangements to have my personal property removed from the office shortly.
“It will be acceptable to have Arthur deposit the check to my account at the Miami Beach First National Bank.”
A check representing 25% of the commission collected by defendant, to that date, was deposited in plaintiff’s account on June 13, 1956. The check was not offered in evidence. Suit was instituted on February 17, 1957.
The appellant relies upon Sanford v. Abrams, supra [24 Fla. 181, 2 So. 380], for reversal. In that case the parties were negotiating for a compromise and settlement of plaintiff’s unliquidated claim against the defendant. The defendant offered $2,000. This was received by the plaintiff, saying, “Deposit [it] in Ambler’s bank, and all right.” It was contended by the plaintiff that the acceptance of the $2,-000 was not in satisfaction of his demand sued for, but that he received it expecting more. The court pointed out that for this position to he tenable the plaintiff, under the rules of common law pleading, would have had to declare upon the new contract, not upon the original cause of action. Further that the acceptance was only referable to the purpose of the negotiation; that was the settlement of the unliquidated claim.
In the instant case there was no negotiation and no offer to compromise an unliquidated claim. Each party maintained an exact amount as due and the acceptance of a part payment (25% of the commission as collected to that date) cannot be said as a matter of law to have terminated the dispute as to which amount was actually due.
*606 The two letters last described are susceptible of the construction which the defendant places upon them: that the plaintiff had capitulated and accepted defendant’s ultimatum. But they are equally susceptible of plaintiff’s construction that he simply refused to carry the argument further when it degenerated. The question of whether or not accord and satisfaction had been proved depended upon proper and reasonable inferences to be drawn from all the evidence. If the appellant had requested at any time during the trial that the question be submitted to the jury and the trial judge had refused, there would have been error. The appellant failed to object to any charge given by the trial judge and failed to request a charge upon this issue. Under this situation we cannot hold the trial judge in error for a determination of the question, nor can we say that it conclusively appears that his determination was an improper one under the law.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.