188 So.2d 587 (1966)
BEST CONCRETE CORPORATION, a Florida Corporation, Appellant,
v.
OSWALT ENGINEERING SERVICE CORPORATION, Appellee.
No. 6513.
District Court of Appeal of Florida. Second District.
June 29, 1966.
Rehearing Denied July 27, 1966.
Howard S. Rhoads, of Allen, Knudsen, Swartz, Richardson & DeBoest, Fort Myers, for appellant.
James E. Tribble, of Blackwell, Walker & Grey, Miami, for appellee.
ALLEN, Chief Judge.
Best Concrete Corporation, defendant below, appeals from a judgment rendered by the trial judge, sitting without a jury, awarding $3,859.54 to plaintiff, Oswalt Engineering Service Corporation.
Best Concrete Corporation contracted to purchase a concrete block making machine from Oswalt Engineering Service Corporation. The written contract to purchase contained an itemized list of all component parts and equipment of the machine. A conflict arose over the amount appellant Best owed to appellee Oswalt. On February 11, 1960, Mr. Oswalt, president of Oswalt *588 Engineering Service Corporation, wrote a letter to Mr. Long of Best Concrete Corporation, in which he discussed the various disputes between the parties and concluded by saying:
"We are going to leave the thing wholly in your hands. You owe us $41,000.00 by all standard business practices, with no reductions. But if it is necessary to cancel the $1,700.00 for the invoices and shortages which certainly are yours, not ours, please do so at once and send us the check for the balance."
A statement, attached to this letter, consisted of a list of invoices and the amounts due under each invoice. At the bottom of the statement was another list containing invoices and amounts, which had been disputed. The total of the amounts due under the invoices listed at the top of the statement was $39,334.69. Other invoices, which showed amounts due and owing to Oswalt from Best were not listed. Subsequently, Oswalt received a check for $39,334.69, which it deposited after notifying Best that the check was not being accepted as full payment. The following notation appeared upon the check:
"This check is in payment of account in full to date."
Oswalt instituted suit for $3,859.54. Best denied owing the amount and raised the defense of accord and satisfaction.
The trial judge found that the check, with the words, "payment of account in full to date," inscribed upon it did not operate as an accord and satisfaction of all the accounts between Best and Oswalt.
The judgment of a trial court reaches an appellate court clothed with a presumption of validity and if, upon the pleadings and evidence before the trial judge, sitting without a jury, there is any theory or principle of law supporting the judgment, the appellate court is obliged to affirm. Cohen v. Mohawk, Inc., Fla. 1962, 137 So.2d 222. Also, where there is substantial competent evidence to support a fact trier's findings, his conclusions will not be disturbed. LaFrance Cleaners & Dyers, Inc. v. Argenio, Fla.App. 1962, 147 So.2d 330; Lowery v. Rosenberg, Fla.App. 1962, 147 So.2d 321.
Generally, the determination of the existence of an accord and satisfaction is for the fact finder. In the case of United States Rubber Products v. Clark, 1941, 145 Fla. 631, 200 So. 385, 389, it is stated:
"* * * It is to be observed that `whether there is an accord and satisfaction ordinarily involves a pure question of intention, which is, as a rule, a question of fact. If the evidence directly or through reasonable inference creates no conflict concerning the intention, it is a question of law.' Moers v. Moers, 229 N.Y. 294, 128 N.E. 202, 203, 14 A.L.R. 225. * * *"
See also, Miller-Dunn Co. v. Green, 1944, 154 Fla. 72, 16 So.2d 637; Cantor v. Blume, Fla.App. 1958, 106 So.2d 603; The Life Ins. Co. of Virginia v. Shifflet, 359 F.2d 501, appeal from United States Court of Appeals for the Fifth Circuit, filed April 21, 1966.
The evidence of an accord and satisfaction was in conflict and presented a factual determination. Since there were other invoices, to which the letter of February 11, 1966, and the check did not refer, the trial judge had competent and substantial evidence to support his conclusion.
Appellant contends that Miller-Dunn Co. v. Green, supra, controls the outcome of the case sub judice. We disagree. In Miller-Dunn, there was no question that the check, cashed under protest by the creditor, was intended to be a full satisfaction of all indebtedness between the two parties.
Best also claims that the trial court disallowed a $1,700.00 deduction, which both parties had agreed to make. It appears that *589 Oswalt was going to concede this deduction only if litigation could have been avoided.
We have examined appellant's other point on appeal and find, in light of the record, that no reversible error was committed.
Affirmed.
SHANNON, J., and KISSINGER, C.M., Associate Judge, concur.

ON PETITIONS FOR REHEARING
PER CURIAM.
The appellant has filed a petition for rehearing of our opinion filed June 29, 1966, which we herein deny.
The appellee, on July 14, 1966, filed a reply to the appellant's petition for rehearing and also filed a petition for rehearing. This petition stated:
"1. On page 2 of its opinion the Court stated `Oswalt instituted suit for $3,859.54.' The above figure is in error in that the amended complaint prayed for damages in the amount of $7,361.54."
The appellee is correct and we hereby amend our opinion, filed June 29, 1966, in Case No. 6513, on page 588, by substituting the amount of $7,361.54 for the amount stated in said opinion of $3,859.54.
The petition for rehearing filed on behalf of appellee suggests that the Court overlooked and failed to consider its cross-assignments of error. The cross-assignments of error were considered and found to be without merit.
With the exception of the correction above mentioned, we deny the petition for rehearing filed by the appellee, and the opinion, as corrected, is adhered to.
ALLEN, C.J., SHANNON, J., and KISSINGER, C.M., Associate Judge, concur.