369 So.2d 376 (1979)
John T. SIMPSON, Jr., et al., Appellants,
v.
Roy G. YOUNG, Appellee.
No. KK-356.
District Court of Appeal of Florida, First District.
March 27, 1979.
Ken Davis of Davis & Judkins, Tallahassee, for appellants.
James C. Truett of Truett & Oertel, P.A., Tallahassee, for appellee.
PER CURIAM.
Peele and Simpson appeal a judgment awarding Young $41,660 as Young's one-third interest in the professional association previously composed of the three parties. Appellants allege that the trial court erred in determining this amount since the court effectively rewrote the shareholder's agreement. Appellants also claim the court erred in finding that there was no compromise and settlement. We agree on the first point and reverse.
In June of 1974, Young, Simpson and Peele formed a professional association and entered a shareholder's agreement which was drawn up by attorneys representing the association. The agreement provided that in the event of retirement the stock would be purchased by the corporation at a purchase price to be determined as follows: (a) 90% of one-third of the accounts receivable as of the date of retirement, omitting any receivables which shall have been referred for collection (b) one-third of the fair *377 market value of all the equipment and furnishings and (c) a factor for good will equal to $1,000 per year for each year of practice not to exceed $15,000. This amount was payable one year from the date of retirement and no payment would be forthcoming if the retiring stockholder resumed practice within one year. Later Young sought to withdraw from the P.A. and in March 1976, the partners held a meeting to determine the monies owed Young. A figure of $35,000 was agreed upon. However, while Peele, Simpson and Costin testified that the settlement included a factor for good will, Young testified that good will was not included in the settlement. The trial court found that there was sufficient confusion surrounding the March 1976 settlement discussion to have permitted separate conclusions as to what had been agreed upon. Therefore, he found that there was no compromise and settlement. Thereafter, the trial court settled the claims of the parties based upon the shareholder's agreement. He interpreted the term "accounts receivable", in the agreement, to include "cash on hand minus liabilities." Since a settlement of $35,000 had already been paid, it was determined that a balance of $6,660 was owed to Young.
It was within the trial court's province to determine the credibility of the witnesses and to determine the weight of the evidence. Accordingly, although this court may have found that there was a compromise and settlement of all claims at the March 1976 meeting, we will not disturb the trial court's contrary finding. See Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972).
Since the trial court determined that there was no compromise and settlement, it was bound to apply the written contract of the parties. The trial court effectively rewrote the agreement by interpreting accounts receivable to include cash on hand less liabilities. "Accounts receivable" ordinarily means "a balance due from a debtor on a current account". Webster's New Collegiate Dictionary (1st ed. 1977). We have failed to discover any definition permitting the interpretation that accounts receivable includes cash on hand. We recognize that the trial court sought to fairly divide the P.A.'s assets so as to award Young his one-third interest. However, by reconstructing the contract of the parties to accord with what he deemed to be the equities of the situation, the trial court ignored the well settled rule that the courts may not rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain. Home Development Company of St. Petersburg v. Bursani, 178 So.2d 113 (Fla. 1965). Accordingly, the judgment of the trial court is reversed and the cause is remanded for the entry of a judgment consistent with this opinion.
MILLS, Acting C.J., MASON, ERNEST E., Associate Judge, and ERVIN, J., concur.