370 So.2d 40 (1979)
In re ESTATE OF Fred COHEN and Flagship First National Bank of Miami Beach, a Banking Corp., As Executor and/or Administrator of the Estate of Fred Cohen, Appellant,
v.
Chet HOLLAND, Appellee.
No. 78-1429.
District Court of Appeal of Florida, Third District.
April 10, 1979.
Rehearing Denied May 15, 1979.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Clifford B. Wentworth, Thomas & Thomas and Frank Thomas, Hollywood, for appellee.
Before BARKDULL, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The defendant, the executor of the estate of Fred Cohen, appeals from a final judgment entered against the estate upon a jury verdict for the plaintiff, Chet Holland, in an action for personal services rendered by Holland as a marine surveyor and consultant. The appellant primarily argues that there is no competent evidence[1] that Holland was employed by Cohen personally during his lifetime, rather than by one or more corporate entities in which Cohen had interests and for which he may have been acting in hiring the plaintiff. We disagree. Our review of the record reveals that there was substantial evidence from which the jury could have, as it did, properly concluded that Cohen contracted in his individual capacity and thus that he was individually liable upon Holland's employment agreement. Smith v. Texas Co., 111 Fla. 762, 149 So. 585 (1933); Financial Fire & Casualty Co. v. Southmost Vegetable Cooperative Assn., 212 So.2d 69 (Fla.3d DCA 1968), cert. denied, 219 So.2d 701 (Fla. 1968); see Bryce v. Bull, 106 Fla. 336, 143 So. 409 (1932); I.W. Phillips & Co. v. Hall, 99 Fla. 1206, 128 So. 635 (1930). Since this is the case, we of course have no authority to *41 interfere with the jury's determination. Helman v. Seaboard Coast Line R. Co., 349 So.2d 1187 (Fla. 1977).
Affirmed.
NOTES
[1] The contract was an oral one, and Holland himself could not testify as to his negotiations with Cohen because of the Dead Man's Statute, Sec. 90.05, Fla. Stat. (1975).