SCHWARTZ, Judge.
The appellees, who were the defendants below, were the maker and guarantors of a series of six promissory notes given the plaintiff-appellant bank. The bank’s action to recover on the notes was met by the defense of accord and satisfaction. A jury trial ended in a verdict for the defendants and the bank has taken this appeal from the resulting judgment against it. In its sole point, the plaintiff claims the right to a directed verdict in its favor on the ground that, as a matter of law, the obligations represented by the notes and guarantees had not been discharged. We disagree and affirm.
Subsequent to the initial transactions, the maker of the notes, Caribe Equipment Corporation, made a transfer to the bank of accounts receivable and other assets — the face value of which exceeded the total amount of the loans — beyond those originally employed to collateralize the notes. The record contains testimony and reasonable inferences on both sides of the issue of whether the parties intended the transfer simply to provide additional security for the debts, as the bank contended, or, as argued by the defendant, to effect a complete payment and discharge of those obligations. Hence, the defense of accord and satisfaction was properly submitted to the jury, East Coast Dry Goods Co., Inc. v. Somerset Sportswear, Inc., 151 So.2d 68 (Fla. 3d DCA 1963); J. A. Cantor Associates, Inc. v. Blume, 106 So.2d 603 (Fla. 3d DCA 1958); Reserve Ins. Co. v. Earle W. Day & Co., 190 So.2d 803 (Fla. 2d DCA 1966); Best Concrete Corp. v. Oswalt Engineering Service Corp., 188 So.2d 587 (Fla. 2d DCA 1966); Rosenfield v. Glickstein, 159 So.2d 670 (Fla. 1st DCA 1964); Kitchens v. King, 102 So.2d 414 (Fla. 2d DCA 1958); see Miller-Dunn Co. v. Green, 154 Fla. 72, 16 So.2d 637 (1944); United States Rubber Products, Inc. v. Clark, 145 Fla. 631, 200 So. 385 (1941); and we may not interfere with its resolution of the issue. Holman v. Seaboard Coast Line R. Co., 349 So.2d 1187 (Fla.1977); Estate of Cohen v. Holland, 370 So.2d 40 (Fla. 3d DCA 1979); Reserve Ins. *20 Co. v. Earle W. Day & Co., 209 So.2d 709 (Fla. 2d DCA 1968).
Affirmed.