388 So.2d 1064 (1980)
Leonard STEINER, Sheldon Munach, Oswaldo Valdes, Myriam Capati, Harry Schrier and Eduardo Darcy, Appellants,
v.
PHYSICIANS PROTECTIVE TRUST FUND, an Unincorporated Body, Appellee.
No. 80-114.
District Court of Appeal of Florida, Third District.
September 16, 1980.
Rehearing Denied October 13, 1980.
*1065 Burt E. Redlus, Miami, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
NESBITT, Judge.
Appellants, plaintiffs below, seek reversal of summary final judgment entered against them which denied their entitlement to dividends from the appellee, Physicians Protective Trust Fund (Trust Fund). We affirm the judgment.
The Trust Fund was established to defend and "pay all claims arising against the Members as a result of malpractice or negligence in the care and treatment of patients... ."
The appellants were members during the years, 1976 and 1977, following which they withdrew from the Trust Fund. The low loss rate incurred by trust members enabled the Trust Fund to declare a credit "dividend" against the funds collected from the members during 1976 and 1977. The credit "dividend" was distributed only to members who renewed their coverage through December 31, 1978. The credit "dividend" was in the form of a reduction in the premium for the remaining quarter of 1978. Such a reduction in premium was expressly authorized by the trust agreement in paragraph 15(m) which reads as follows:
[15] (m) All portions of the Loss Account and the Loss Leveling Reserve Account not used for the payment of losses, the purchase of excess insurance, or the allowable expenses or reserves in any one year, shall be credited to the Loss Account of the Loss Leveling Reserve Account for succeeding years. Such credits shall be used to reduce the premium for succeeding years as allowed by excess carriers and the Department of Insurance. [emphasis added]
Appellants contend, and we agree, that a literal reading of paragraph 14 of the trust agreement provides for a distribution of dividends only in the event the Trust Fund is dissolved.[1] Admittedly, the Trust Fund was not dissolved. Appellants also contend *1066 that the trustees are under a fundamental duty of loyalty to the beneficiaries of a trust to administer it only in the interest of the beneficiaries. Investors Syndicate of America, Inc. v. City of Indian Rocks Beach, Florida, 434 F.2d 871 (5th Cir.1970). They argue that this is especially true because of the provisions of paragraph 15(n) which provides:
[15] (n) In the event of exhaustion of the Loss Account and the Loss Leveling Reserve Account in any one year, the Trustees' Account will be used to provide funds as necessary. If the Trustees' Account is also exhausted, the Members of the Trust Fund may be subject to assessment for losses reported in the policy year.
Appellants argue that they are potentially subject to additional liability resulting from the depletion of the loss account resulting from the distribution of funds to reduce future premiums.
In affirming the trial judge's ruling that the former members were not entitled to credits or refunds of premiums, we are not unmindful of equitable considerations. However, we also note that paragraph 15(g) of the trust agreement expressly provides:
[15] (g) Notwithstanding any statement herein, liability of the Fund to the Members is specifically limited to such obligations as are set forth in the Indemnity Agreement attached hereto.
We observe that the Indemnity Agreement did not alter the provisions of paragraph 15(m), referred to above, by which members' premiums were effectively reduced. We cannot and will not ignore the well settled rule that:
[c]ourts may not rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain.
Beach Resort Hotel Corporation v. Wieder, 79 So.2d 659, 663 (Fla. 1955). Accord, Home Development Company of St. Petersburg v. Bursani, 178 So.2d 113, 117 (Fla. 1965); Simpson v. Young, 369 So.2d 376, 377 (Fla. 1st DCA 1979).
Accordingly, the summary final judgment in favor of the appellees is affirmed.
NOTES
[1] 14. In the event of the dissolution of this Trust, whether voluntary or involuntary, the Trustees shall distribute the monies, securities, rights, or property then in the Trust to the Members of the Trust in that proportion that the Members of the Trust paid premiums to the Trustees at the last date upon which such premiums were collected from each Member. Such payments shall only be made after the Trustees have satisfied the requirements of all appropriate Florida laws or rules or regulations of the Insurance Department of the State of Florida in providing for appropriate reserves and other funds necessary to comply therewith.