PER CURIAM.
Both parties appealing from judgments entered on adverse jury verdicts essentially complain that the verdicts represent an incorrect resolution of disputed factual issues. The appellant Keyes Company also argues that they are internally inconsistent with each other. We may not properly consider the first contention, e.g., Helman v. Seaboard Coast Line R. R., 349 So.2d 1187 (Fla.1977); First National Bank of the Upper Keys v. Caribe Equipment Corp., 378 So.2d 19 (Fla.3d DCA 1979), cert. denied, 388 So.2d 1112 (Fla.1980), and the inconsistency point was waived by the failure to assert it at the trial. Robbins v. Graham, 404 So.2d 769 (Fla.4th DCA 1981); Savoca v. Sherry Frontenac Hotel Operating Co., 346 So.2d 1207 (Fla.3d DCA 1977); Wiggs and Maale Construction Co. v. Harris, 348 So.2d 914 (Fla. 1st DCA 1977); Crawford v. DiMicco, 216 So.2d 769 (Fla.4th DCA 1968).
Affirmed.