BERANEK, Judge.
This appeal concerns the interpretation of a purchase and sale agreement. One of the clauses of this agreement read:
*298 In the event mortgagee does not permit the Buyer to assume the existing mortgage without a change in the interest rate, terms of payment or other material change, the Buyer at his option may cancel the Contract and all monies paid on the purchase price shall be refunded to him and the parties shall be released from all further obligations.
The sellers had an existing 11% mortgage with Southern Federal in the amount of $149,000. The buyer deposited $36,000 with the sellers and then proceeded to contact Southern Federal which refused to permit the buyer to assume the existing mortgage without an upward change in the interest rate. At the time of closing, the sellers offered to lend the money to the buyer and to give the buyer a mortgage with the same terms and conditions as the existing Southern Federal mortgage. The buyer refused, citing the above clause, and announced his exercise of the option to cancel the contract. The sellers refused to refund the deposit and the buyer sued. The buyer made a motion for summary judgment which resulted in a summary final judgment in favor of the sellers. The trial court ruled the sellers could keep the deposit as damages for the buyer’s breach. Although we agree with the trial court that summary judgment was the proper vehicle for disposition of this matter, we hold that the court ruled in favor of the wrong party.
The purchase and sale agreement used here was a form document to which the sellers added certain special conditions favorable to them. Had they so desired, they could have amended the above quoted clause on existing mortgages. There is nothing in the contract which required the buyer to make any effort to secure financing other than from Southern Federal. The seller contends that a paragraph in the form contract entitled “New Mortgages” placed an obligation on buyer to secure new financing. This paragraph is no comfort to seller. The paragraph is couched in conditional language — “If this contract provides for Buyer to obtain a new mortgage ... . ” Further the paragraph was marked “NA” for “not applicable” and this insertion clearly does not support appellee’s contention that a new mortgage was contemplated or that the buyer assumed the obligation to secure same.
The agreement called for the buyer to assume or obtain a mortgage in the amount of $149,000 at 11% from Southern Federal. The “NA” insertion in the “New Mortgages” paragraph is a clear indication that no new financing was contemplated. We will not rewrite the contract and substitute our judgment for that of the parties. Steiner v. Physicians Protective Trust Fund, 388 So.2d 1064 (Fla. 3d DCA 1980). The buyer was entitled to cancel the contract and to have his deposit returned as provided in the document. Accordingly, we reverse with directions to enter summary final judgment in favor of the buyer.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.