442 So.2d 982 (1983)
The MIAMI HERALD PUBLISHING COMPANY, Appellant,
v.
Robert P. FRANK, Appellee.
No. 82-1190.
District Court of Appeal of Florida, Third District.
October 18, 1983.
*983 Paul & Thomson and Sanford L. Bohrer, and Richard J. Ovelman, Miami, for appellant.
Floyd, Pearson, Stewart, Richman, Greer, Weil & Zack and Larry S. Stewart, Miami, for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
PER CURIAM.
Challenging a jury verdict and the ensuing final judgment entered in a libel action, The Miami Herald appeals an award to Robert Frank of $30,000 in compensatory damages. Frank instituted his lawsuit following the Herald's publication of an article entitled "The Saga of David and Ethyl" written by Michael Putney.[1] In the article Putney related events culminating in the bankruptcy of David Balter's company, Pac Craft Corporation, and its subsequent takeover following a failed attempted reorganization to avoid declaring bankruptcy. Putney described Balter's struggle to retain control and reported the million dollar awards Balter obtained in lawsuits against individuals he believed to have defeated the reorganization. The article referred to an unsuccessful malpractice action by Balter against his attorney, Robert Frank, in which the jury returned a verdict in Frank's favor.[2] Despite the jury verdict exonerating Frank of malpractice, the Herald article attributed Balter's failure to obtain a necessary loan to Frank's conduct as Balter's attorney, stating:
When the creditors' committee accepted Balter's plan, he was given until 5 p.m. on Aug. 6, 1969 to submit the $43,000 which was his part of the plan. .. .

Balter missed the deadline because his attorney, Frank, failed to draw up the necessary loan document before the close of the business day. Frank also failed to get the clerk of the court's seal on it so that when Balter finally arrived at the [Hialeah bank] on the evening of Aug. 6, a bank officer who had verbally agreed to loan Balter as much as $50,000 refused to go through with the deal. By the time Balter had obtained the clerk's seal the next day, Wolf had retrieved his $100,000 check and the bank refused again to make the loan. (emphasis added)
When The Herald refused to retract the statements, Frank instituted a libel action and was awarded damages.
In seeking reversal The Miami Herald first contends that the verdict rests upon insufficient evidence that the statements relating to Frank constituted libel. Two well-settled principles of review govern our disposition of this cause:
First, it is not the function of an appellate court to reevaluate the evidence and substitute its judgment for that of the jury... . Second, if there is any competent evidence to support a verdict, that verdict must be sustained regardless of the District Court's opinion as to its appropriateness.
Helman v. Seaboard Coast Line Ry., 349 So.2d 1187, 1189 (Fla. 1977).
We find no merit in appellant's contention. Our review of the record reveals the presence of substantial competent evidence from which the jury could have concluded that the statements pertaining to Frank were false and that their publication established the requisite degree of negligence on the part of The Herald. Tribune Co. v. Levin, 426 So.2d 45 (Fla. 2d DCA 1982); Miami Herald Publishing Co. v. Ane, 423 So.2d 376 (Fla. 3d DCA 1982). The record contains evidence that the loan was denied for reasons unrelated to Frank's actions *984 and that Frank was not contacted by Putney for confirmation prior to the appearance of the article. Controlling legal principles preclude us from disturbing the jury's determination. Helman; Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Estate of Cohen v. Holland, 370 So.2d 40 (Fla. 3d DCA 1979).
The Herald also asserts that the statements are substantially true and are therefore not libelous even if partially inaccurate. It maintains that because it announced the verdict in Frank's favor, it was not subject to liability for the offending statements. We disagree. Ane.
Finally, we find no legal support in appellant's assertions that the court erred in instructing the jury[3] with regard to the effect of the verdict in the Balter malpractice action against Frank; that the court erred in refusing to allow the jurors from the Balter trial to explain their verdict; or that the trial court erroneously admitted the testimony of Frank's journalism expert.
Finding ample support for the jury's verdict, we affirm.
JORGENSON, Judge, dissenting.
Because I disagree with the majority's finding of no error by the trial court in allowing into evidence and instructing the jury on the effect of the verdict in the prior malpractice suit brought by Balter against Frank, I respectfully dissent.
The instruction given to the jury immediately following the opening statements of counsel was:
It is undisputed that in a former case a Mr. David Balter sued Robert R. Frank, the Plaintiff in this case, for legal malpractice.
In that case, the jury returned a verdict finding Mr. Frank not guilty of legal malpractice.
You are advised that such a verdict in and of itself does not mean that the statement is [sic] in the article on which this case is based are necessarily false. However, you may consider the verdict, in that case, along with the other evidence in this case in arriving at your verdict in this case.

I will give you further jury instructions after all of the testimony is in by both parties. [Emphasis added.]
The Herald maintained before and throughout the trial, and I agree, that the general verdict in the prior malpractice action is not relevant to or probative of the alleged falsity of the statements published elsewhere in the Herald article.[1] That general malpractice verdict is probative only of the fact that that jury entered a verdict for the defendant, Frank, on the issue charged, to wit, "whether Robert Frank was negligent in the performance of his contractual relationship with David Balter and [whether] such negligence was a legal cause of damage to David Balter," a fact that was reported in the Herald article and is not here at issue and, therefore, is not relevant.
The prior verdict is not relevant to prove or disprove whether Frank failed to "draw *985 up the necessary loan document" or "failed to get the clerk of court's seal on it." Attempting to specify what Balter failed to prove in his malpractice claim is sheer speculation. See State of Maryland v. Baldwin, 112 U.S. 490, 5 S.Ct. 278, 28 L.Ed. 822 (1884); Dixie Farms, Inc. v. Hertz Corp., 343 So.2d 633 (Fla. 3d DCA 1977). The prior verdict does not meet the relevance test of "evidence tending to prove or disprove a material fact," § 90.401, Fla. Stat. (1981). "The chief object in introducing evidence is to secure a rational ascertainment of facts; therefore, facts should not be submitted to the jury, unless they are logically relevant to the issues." Atlantic Coast Line Railway v. Campbell, 104 Fla. 274, 282-83, 139 So. 886, 890 (1932).
Further, the doctrines of res judicata and collateral estoppel may not be employed by Frank to bind the Herald to the prior judgment between Balter and Frank. See McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323 (1935). The prior verdict between a third party and one of the parties to the present action should not in any way determine the rights of a party not affected by a judgment rendered on that verdict. The rights of the parties in the present action "are to be determined as though the [prior] judgment had never been rendered. This is true even though the two suits arose out of the same transaction and involve the same issues and evidence," Pennsylvania Insurance Co. v. Miami National Bank, 241 So.2d 861, 864 (Fla. 3d DCA 1970).
The proper test in determining whether a specific jury instruction is erroneous is whether, considering all other instructions given, the pleadings and the evidence in the case, the charge as a whole adequately presents the law upon the issues. Yacker v. Teitch, 330 So.2d 828 (Fla. 3d DCA 1976). See Llompart v. Lavecchia, 374 So.2d 77 (Fla. 3d DCA 1979), cert. denied mem., 385 So.2d 758 (Fla. 1980).
Because the prior verdict in the malpractice action between Balter and Frank is devoid of relevant or probative value to any issues in this libel action, allowing the prior verdict into evidence and instructing the jury that they may consider the prior verdict misled and confused the jury.
I would, therefore, reverse and remand for a new trial.
NOTES
[1] The article was published in the Tropic Magazine section of the May 21, 1978 edition of The Miami Herald.
[2] Balter v. Frank, 386 So.2d 1227 (Fla. 3d DCA 1980).
[3] There is little support in the record for the position espoused by the dissent: (1) the prior malpractice verdict was admitted into evidence during the trial without objection by either of the parties; (2) the Miami Herald requested the court to instruct the jury that the prior verdict "does not mean that the statements in the article upon which this suit is based are false." The court refused to give this instruction and in its place charged the jury with the more neutral instruction that the Balter verdict did not necessarily mean that the statements were false and that they might consider the verdict along with all the other evidence in the case; (3) although the record reflects that the Miami Herald preserved its objection to the jury charge concerning the verdict in the malpractice case, that instruction, even if somewhat unclear, did not rise to the level of reversible error when considered in the context of "all the other instructions given, and the pleadings and evidence in the case." Yacker v. Teitch, 330 So.2d 828, 830 (Fla. 3d DCA 1976).
[1] However, I also fully agree with the majority that there is no merit to the Herald's assertion that the trial court erred in refusing to allow jurors from the malpractice trial to testify in explanation of the verdict reached in that case. See State v. Ramirez, 73 So.2d 218 (Fla. 1954).