JOANOS, Judge.
Appellants Robert McClure and Constance N. McClure (McClures) appeal from orders of the trial court granting partial summary judgment and summary final judgment with regard to their lawsuit filed in connection with a dispute over property known as the Palm Valley acreage. The McClures also appeal orders denying their motions to disqualify the trial judge. On appeal, the McClures challenge the propriety of the grant of summary judgment with regard to their fourth amended complaint, and the denial of their motions to disqualify the trial judge. We affirm the rulings as to Counts I through V of the complaint without discussion, but reverse the order of summary judgment as to the Count VI action to enforce a promissory note.
A brief review of the facts which culminated in delivery of the promissory note at issue is in order. The record reflects that the McClures purchased the Palm Valley acreage in 1971. At that time the sellers took a first mortgage on the property. Subsequently, Mrs. Maxine Sams took a second mortgage in the amount of $25,000. By March or April 1975, Robert McClure found himself in serious financial difficulty. He approached appellee, an attorney friend who had done some legal work for him in the past. Robert McClure explained to appellee that he and his wife owned approximately thirty-three acres in Palm Valley, with outstanding first and second mortgages of $50,000 and $25,000, respectively. Both mortgages were due, and foreclosure proceedings had been instituted with regard to the first mortgage. Because McClure knew that at that time he could not qualify for a bank loan, he asked appellee to take out a $75,000 loan to pay off the two mortgages. The McClures agreed to pay the interest due on the $75,-000 loan, and transferred two lots to appel-lee as payment for his fee for obtaining the $75,000 loan, and for acting in their behalf with regard to the foreclosure actions.
The McClures’ testimony indicates that they executed a trust deed transferring the Palm Valley acreage to appellee. On June 10, 1976, appellee transferred the Palm Valley Property to Universal Environmental Control, Inc. (UEC), a building and development business. Stan Smith, president of UEC, testified that UEC took the Palm Valley property subject to the debt to Sun Bank, and that no payment had been made to appellee in connection with the transfer *760 of the property. After several encounters with Mr. McClure, in which McClure advised that he had an interest in the Palm Valley property, Smith suggested to appel-lee that they talk with Mr. McClure. Smith stated that he did not have a clear understanding of Mr. McClure’s position with regard to the property. At the meeting, Mr. McClure advised Smith that although he had deeded the Palm Valley property to appellee, he still had an interest in it. Smith’s deposition testimony indicates that Smith and appellee offered to turn the property over to McClure, provided McClure would agree to assume the debt to the bank. McClure then indicated his intention to work out an arrangement with appellee at some future date. In 1980, after UEC undertook an expensive rezoning effort and additional financing, Sun Bank foreclosed and took title to the property.
The initial complaint was filed September 30, 1983. At that time, the McClures were represented by counsel. Subsequently, on August 28, 1986, the McClures, proceeding in proper person, filed the fourth amended six-count complaint which is the subject of this appeal. Count I of the complaint alleged that appellee breached his fiduciary duty as attorney for the McClures by using confidential information revealed to him, so as to obtain the Palm Valley property for himself. Counts II and III sought imposition of a constructive trust and resulting trust respectively, on the proceeds of the sale of the Palm Valley property. Count IV alleged that Montgomery was unjustly enriched by the sale of the Palm Valley property, and Count V sought treble damages for civil theft. Count VI sought to enforce a 1981 promissory note executed by appellee in favor of the McClures.
We approve the trial court’s rulings with regard to Counts I through V of the fourth amended complaint, and as to the motions to disqualify the trial judge, and affirm as to these issues without further discussion. However, we reverse the final summary judgment with regard to the Count VI action on the promissory note.
The record reflects that Robert McClure sought out appellee at every opportunity, vigorously importuning him for payment of the value of the Palm Valley property. Finally, appellee arranged a meeting with Robert McClure at McClure’s office. Robert McClure’s unrefuted testimony indicates that appellee arrived with a handwritten draft of the promissory note which is the subject of Count VI. McClure’s secretary then typed the note at appellee's direction. As the note was being typed, McClure and appellee agreed on the principal amount of the note. The record reflects that the face amount of the note represents the amount the parties agreed was the fair market value of the property when the McClures transferred the property to appellee, with credit to appellee for his expenditures in connection with the property. McClure’s unrefuted testimony further indicates that appellee decided the note’s payment terms. While at McClure’s office, appellee drafted an agreement, and asked McClure's secretary to type this document as well. Before the.meeting ended, the typed promissory note was signed by both appellee and Robert McClure, witnessed, and then delivered by appellee to McClure. In addition, appellee signed the agreement, had it witnessed, and then delivered it to McClure. McClure did not sign the agreement.
It is well settled that a contract must be construed most strongly against the party who drafted it. Home Savings of America, F.A. v. Roehner, 491 So.2d 612 (Fla. 4th DCA 1986); Sol Walker & Co. v. Seaboard C.L.R. Co., 362 So.2d 45 (Fla. 2d DCA 1978). The primary rule of contract construction is to ascertain the intention of the parties, which is to be determined from the face of the agreement and from the situation of the parties and the object of their transactions. Tampa Federal Savings & Loan Association v. Aeon, Inc., 403 So.2d 1002 (Fla. 2d DCA 1981). Where the language of an agreement is clear and unambiguous, the court may not give it any meaning beyond that expressed. Robbinson v. Central Properties, Inc., 468 So.2d 986 (Fla.1985); Bay Management, Inc. v. Beau Monde, Inc., 366 So.2d 788 (Fla. 2d *761 DCA 1978). In other words, the court may not rewrite the parties’ agreement. Simpson v. Young, 369 So.2d 376 (Fla. 1st DCA 1979). Moreover, settlement of a disputed claim may form a valid consideration for a new or substituted agreement between the parties, where the claim is well-founded, Miller-Dunn Co. v. Green, 154 Fla. 72, 16 So.2d 637 (1944), or where there is a good faith belief in the validity of the claim. Matey v. Pruitt, 510 So.2d 351 (Fla. 2d DCA), review denied, 518 So.2d 1276 (1987).
On its face, the promissory note at issue in this case sets forth an express, unambiguous promise to pay a sum certain according to the schedule contained in the note. The circumstances surrounding execution of the note indicate that the parties intended the delivery of the note to McClure to resolve their dispute over the McClures’ financial interest in the Palm Valley property. Furthermore, the record reflects numerous instances of the McClures’ good faith belief in the validity of their interest in the disputed property.
Throughout the litigation, appellee’s defense to the note was that he executed the note under coercion and undue influence, at a time when his faculties were impaired by alcohol and drug dependency. After the trial court entered partial summary judgment, expressly rejecting this defense, ap-pellee filed a new motion asserting failure of consideration in that delivery of the note was conditioned upon acceptance of the agreement. The trial court accepted the “failure of consideration” theory, and entered summary judgment in appellee’s favor.
Viewed in isolation, the failure of consideration theory advanced by appellee in connection with the promissory note might be tenable. However, there is no language in the note which would lend itself to an interpretation that payment of the note was conditioned upon the acceptance of the agreement drafted and executed by appel-lee. In light of the factual circumstances surrounding the drafting, execution, and delivery of the promissory note, we find there are genuine issues of material fact concerning execution and delivery of the note. Therefore, summary judgment as to Count VI was improper.
Accordingly, the award of summary judgment as to Count VI of the fourth amended complaint is reversed. In all other respects, the trial court’s determination with regard to the appealed issues is affirmed.
ERVIN and BARFIELD, JJ., concur.