## CALVACHE, et al. v JACKSON MEMORIAL HOSPITAL

### Case No. 90-260 AP (Lower Court Case No. 88-11363 SP05)

Eleventh Judicial Circuit, Dade County

June 11, 1991

**APPEARANCES OF COUNSEL**

Miguel A. Suarez, Esquire, for appellant.

Jon B. Sage, Esquire, for appellee.

Before GREENBAUM, KORNBLUM, TENDRICH, JJ.

**OPINION OF THE COURT**

KORNBLUM, J.

Appellee, by its Amended Complaint, sought damages in the sum of $4,524.84 for services allegedly rendered to Marilyn Calvache, a minor.

Appellee's complaint was in Four Counts: Count I sought judgment against Guido Calvache, Marilyn's natural father, based on his parental

responsibility; Count II was an open account; Count III was account stated and Count IV sought judgment against Norma Calvache, Marilyn's stepmother, on her guaranty of payment.

The Hospital's one witness was Veronica Smart, a Billing Supervisor. She qualified the copies of the bills sent to Norma Calvache and the computer print-out as business records of the Hospital.

Over objection, the Trial Court admitted the guaranty agreement allegedly signed by Norma Calvache.

The Court entered judgment against Guido Calvache and Norma Calvache, from which this appeal is taken.

Appellants argue that:

1. The Hospital's Records were insufficient to prove a repayment of an overpayment to an insuror.

2. There was no predicate laid for the introduction of the Guaranty.

3. There was an accord and satisfaction which barred the Hospital's claim.

The Hospital Record, admitted as a business record, reflected a repayment to Blue Cross/Blue Shield. Such records were competent evidence of such repayment.

Guido Calvache testified at trial and admitted that the services for which Appellee billed were, in fact, rendered. He also testified that Norma had tendered her check on May 4, 1988, in full payment of the account and that she, in fact, signed the check.

The check was accepted by a cashier at the Hospital and was paid.

Though there was no testimony about the authenticity of the Guaranty, the Trial Court could have properly concluded by examining the signature and comparing it with the signature on the check that the Guaranty was authentic. 90.901 F.S.

Finally, there was sufficient competent evidence to support the Court's determination that the intent necessary to an accord and satisfaction was not proven by the Appellants. *Miller-Dunn Co., Inc. v Green,* 16 So.2d 637 (Fla. 1944).

The Judgment is Affirmed.

GREENBAUM, and TENDRICH, JJ., concur.