PER CURIAM.
Dr. William Samek (“Samek”) appeals from a final judgment for damages entered upon a jury verdict in an action for breach of contract brought by Dr. Jeffrey S. Gerson (“Gerson”). We affirm.
In 1987, Samek and Gerson entered into an oral agreement under which Samek was to provide certain billing, collection, and accounting services for Gerson in connection with Gerson’s treatment of psychiatric patients referred to him by therapists in a group practice owned by Samek.[1] Samek was to receive 20% of all monies that he collected relating to Gerson’s treatment of those patients, and then remit the remaining 80% to Gerson for his psychiatric fees. As part of the agreed-upon services, Samek was to provide a detailed accounting to Gerson of all the monies received by the group practice from Gerson’s patients and their insurers.
In 1989, the agreement was orally amended to increase Samek’s compensation to 30% of the amount collected, and remit only 70% to Gerson. Every check received by Gerson from Samek for fees was a personal check from Samek, signed by Samek himself.
On April 30,1989, after a series of disputes over Samek’s failure to provide any reports as to the amount of money billed to patients; the amount collected from patients and their insurers; and the amount deducted for the administrative services, Gerson terminated the oral agreement and began to conduct his own billing and accounting. Gerson sued Samek for breach of contract, alleging in multiple counts that Samek had failed to keep adequate records; had failed to give a proper accounting of the fees collected; and owed him unknown amounts of money.
Gerson hired a certified public accountant to compute the fees that he had billed during the lifetime of the oral agreement. In the course of that investigation, Samek provided a box of approximately 5,000 documents that were determined to be incomplete, as they did not include certain information and completely failed to mention forty patients that Gerson had treated. The accountant also visited the facility at which Gerson had treated patients, and compiled billings from records there. At trial, the accountant presented his findings as to the range of fees that Samek owed Gerson. He ultimately testified that he had calculated the actual unpaid net earnings to Gerson under the contract to be $549,000.00.
Samek, in defending the action, also retained a certified public accountant who concluded that Samek owed Gerson no fees under the contract sued upon. The jury, in a special verdict form, found that Gerson had an oral contract with Samek in Samek’s individual capacity, and not with Samek’s group practice. The court awarded Gerson $400,-000.00 in damages for breach of contract plus $371,835.62 in prejudgment interest, which had been pled in the complaint.
The record reflects that there was competent and substantial evidence presented at trial that fully supports the jury verdict. “Credibility of the witnesses was a jury question. There was sufficient testimony upon which the jury could fix and determine the amount of damages. The testimony as to damages was not so uncertain, speculative, remote, contingent and inconclusive that it could not support or justify the verdict rendered.” McCall v. Sherbill, 68 So.2d 362, 364 (Fla.1953). See also Helman v. Seaboard Coast Line R.R., 349 So.2d 1187, 1189 (Fla.1977)(holding that the verdict must be sustained if there is any competent evidence to support the verdict); Espino v. Anez, 665 So.2d 1080, 1081 (Fla. 3d DCA 1995); see also Miami Herald Publishing Co. v. Frank, 442 So.2d 982, 983 (Fla. 3d DCA 1983) (“It is not the function of an appellate court to reevaluate the evidence and substitute its judgment for that of the jury.”).
We likewise affirm the award of prejudgment interest. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 214 (Fla. 1985) (“[Pjrejudgment interest is merely another element of pecuniary damages.”); see also Parker v. Brinson Constr. Co., 78 So.2d 873, 874 (Fla.1955) (holding that it is proper *119 to award prejudgment interest at the legal rate from the date the monies were due under the contract); Celotex Corp. v. Buildex, Inc., 476 So.2d 294, 295 (Fla. 3d DCA 1985) (“The settled law is that where a disputed contractual claim becomes liquidated by jury verdict as to the amounts recoverable, interest should be awarded from the date payment was due.”).
AFFIRMED.

. None of the members of the group practice were licensed medical doctors who specialized in psychiatry.